No. 18,893.

WILLIAM B. MILLER, GUARDIAN AD LITEM, ETC., *v.*
VIRGINIA V. CLARK.
(356 P. [2d] 965)

Decided November 14, 1960. Rehearing denied December 5, 1960.

Mr. WILLIAM B. MILLER, pro se, Mr. THOMAS P. O'BRIEN, for plaintiff in error Andrew Wysowatcky, Administrator.

Messrs. IRELAND, IRELAND, STAPLETON & PRYOR, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

LEWIS VINTON died leaving no will or known heirs. The public administrator petitioned for letters, and the plaintiff in error Miller was appointed guardian ad litem "for all persons under legal disability."

At a hearing participated in by Miller on a date set for the hearing on petition for determination of heirship, an investigator testified as to his efforts to find heirs of the estate. Present in the court, and by counsel claiming to be the sole and only heir, was one Virginia Clark, an adopted daughter of a brother of the decedent. Her father had predeceased decedent. The court entered a determination of heirship finding Virginia Clark to be the sole and only heir-at-law. Miller then petitioned the court for permission to prosecute a writ of error to this court. After hearing and argument, his petition was denied.

Notwithstanding this denial, Miller is here as plaintiff in error, and his right to proceed as such is challenged by the defendant in error.

One of two tests must be met before a party may prosecute a writ of error to this court. He must either be a party to the action or he must be a person substantially aggrieved by the disposition of the case in the lower court. As was stated in *Wilson v. Board of Regents,* 46 Colo. 100, 102 Pac. 1088:

"* * * Appeals are not allowed for the mere purpose of delay, or to present purely abstract legal questions, however important or interesting, but to correct errors injuriously affecting the rights of some party to the litigation. Only parties aggrieved may appeal. The word 'aggrieved' refers to a substantial grievance, * * *."

In *Fenn v. Knauss,* 87 Colo. 175, 285 Pac. 945, it was held an executor does not have an appealable interest.

■ We hold that the plaintiff in error Miller is not a person aggrieved by the determination of heirship in the county court. He was appointed guardian ad litem only for such persons as were under legal disability. It was established that no such person exists. As guardian ad litem he is "the agent of the court through whom it acts to protect the interests of the minor. The court is itself the guardian." *Seaton v. Tohill,* 11 Colo. App. 211, 216, 53 Pac. 170. The court may, on sufficient cause, remove the guardian or, as in this case, determine that such guardian is no longer necessary. The controlling statute, C.R.S. '53, 152-3-2, requires only that:

"* * * If it shall appear at any time during such proceedings that any minor not represented therein by a guardian may be an heir of such deceased, the court shall appoint a guardian ad litem to represent such minor."

The statute limits the appointment and duties of such guardian ad litem to the representation of such minor "as may be an heir of such deceased." After the trial court determined that Virginia Clark was the sole heir of the deceased, it also determined that there was no minor heir or other person under legal disability entitled to share in the estate of the deceased. This determination and denial of the petition for permission to prosecute this writ of error terminated Miller's appointment and thereafter he had no capacity or standing to proceed further, and no part of the expenses of the writ of error and no guardian ad litem fee from and after the order of determination of heirship in the county court may be assessed against the estate.

The writ of error is dismissed.

Mr. Justice Knauss and Mr. Justice Hall concur.