No. 19,704.

Marion Tower and Henry S. Sherman *v.*
Ralph F. Tower
(364 P. [2d] 565)

Decided August 21, 1961. Rehearing denied September 18, 1961.

Mr. MAX P. ZALL, Mr. RONALD I. ZALL, for plaintiff in error Henry S. Sherman.

Messrs. STONE AND BLOOD, for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

THE parties will be referred to as follows: Ralph F. Tower, who was plaintiff in the trial court, as Tower;

Marion Tower, the defendant below, as Mrs. Tower; and Henry S. Sherman, one of the attorneys for Mrs. Tower, as Sherman.

The matter is before this court to review an action of the trial court which adjudged that it was without jurisdiction to grant attorney's fees to Sherman for services rendered on behalf of Mrs. Tower. The proceedings before that court, insofar as pertinent to the question before us, are as follows: Tower brought suit for divorce. Mrs. Tower appeared by her then attorney. Thereafter Mrs. Tower dispensed with the services of that attorney and employed Sherman, who filed in her behalf an answer and counterclaim for separate maintenance in which was a prayer for her attorney's fees and court costs. Thereafter many proceedings were had, motions were filed, depositions taken, contempt citations issued, hearings for support were held, pleadings and amended pleadings were filed, and generally everything was done which is ordinarily undertaken in a divorce action which is vigorously contested on both sides.

Finally, after much negotiation, an agreement was reached between the parties to the effect that Mrs. Tower would amend her counterclaim for separate maintenance to one for divorce and be permitted to obtain a noncontested divorce decree. At this hearing, presided over by District Judge George McLachlan, a visiting judge in Denver district court, in which the interlocutory decree of divorce was granted to Mrs. Tower, there was some informal discussion concerning the request of Sherman for an allowance of attorney's fees. After this discussion the court allowed Sherman $1,750.00 *on account* (emphasis supplied) to be paid by Tower.

There was no evidence offered, no hearing had concerning the services which had been rendered, the results accomplished, the value of the property involved, nor was there any determination by the trial court of any of the other facts upon which a trial court should base its judgment if a final award of attorney's fees was

intended. The interlocutory decree expressly reserved the matter of property settlement and permanent alimony and retained jurisdiction for this purpose.

Negotiations continued in connection with the effort to settle property matters. Sherman, in behalf of Mrs. Tower, set the matter for hearing after notice to Tower. About this time Mrs. Tower became dissatisfied with Sherman and asked that he withdraw as her attorney, whereupon Sherman filed a motion to withdraw; requested in writing a final award of attorney's fees, and claimed a lien on all papers in his possession until such time as his fees were determined and paid. Notwithstanding the pendency of Sherman's motion, Mrs. Tower engaged other counsel, who, with counsel for Tower, conducted negotiations, and without notice to Sherman participated in a hearing before a judge other than Judge McLachlan who had made the allowance to Sherman for attorney's fees "on account" and by stipulation entered into a property settlement agreement, which expressly recognized the pendency of the claim of Sherman for attorney's fees. The stipulation recites that if any judgment is entered in favor of Sherman for attorney's fees, Tower would be responsible for the payment thereof. As part of this same stipulation an allowance of $2,000.00 as attorney's fees was made to Sherman's successor, who had been in the last phase of the case only one month. Learning of the settlement without disposing of his pending motion, Sherman immediately noticed all parties into court for hearing upon his motion for attorney's fees. A number of judges were requested to pass upon this motion, but because he had set the fee designated as "on account" it finally came on for hearing before Judge McLachlan.

Tower, through his attorney, contended that no evidence of services rendered prior to the allowance of attorney's fees "on account" was proper. Sherman contended that evidence of all services rendered from the beginning of his employment to the end was necessary

and proper. Tower contended that the court was without jurisdiction to allow a fee for services rendered after the "on account" allowance. The court reserved ruling on the contention it had lost jurisdiction and conducted a full and complete hearing in which Sherman outlined the services rendered, the time spent, the property involved, its value, and the results accomplished. Two other attorneys of standing and reputation testified as to the reasonable value of these services, one of whom stated that the reasonable value thereof was $12,500.00, the other $7,500.00. Tower and Mrs. Tower testified but offered no expert testimony. The trial court took the matter under advisement and thereafter ruled that it was without jurisdiction to allow any further fees in the matter and entered judgment accordingly. Motion for a new trial was dispensed with, and the matter is before this court on writ of error.

Under the facts disclosed, the allowance of $1,750.00 "on account" must be held to be partial payment to apply against the total to be finally awarded as attorney's fees, it being grossly disproportionate to the reasonable value of the services rendered. Notwithstanding the trial court's discretion in the allowance of fees, such discretion is a judicial one, and requires and presupposes a hearing together with a presentation of facts upon which to base the exercise of such discretion. Here there was no hearing, and no facts adduced to give the court the slightest inkling of the time involved and extent of the services rendered in the seventeen months Sherman represented Mrs. Tower. The trial court could not possibly have acquired the facts and information necessary to enable it to exercise a judicial discretion. Hence, we must adopt the legal definition of "on account" as follows: "in part payment; in partial satisfaction of an account. The phrase is usually contrasted with 'in full.'" Black's Law Dictionary, Third Edition.

The trial court was in error when it concluded that it was without jurisdiction to grant an allowance

of attorney's fees. The court had made an allowance on account. A timely motion for attorney's fees was pending. This motion was reiterated and the claim restated when Sherman moved to withdraw as attorney for Mrs. Tower upon condition that his fee be paid and that he have a lien upon all papers in his possession until it was paid. The parties recognized the pendency of his claim, and their stipulation made provision for its payment. The court recognized the pendency of this claim and the necessity for its disposal when the stipulation and property settlement was approved by the court. A case quite in point is *Bennett v. Bennett,* 175 Ks. 692, 266 P. (2d) 1021. See also *Huntington v. Huntington,* 120 Cal. App. (2d) 705, 262 P. (2d) 104, where the court stated:

"After the court has by implication allowed partial payment on account and thereby reserved jurisdiction to determine the entire amount at the conclusion of the trial, the court does not thereby lose jurisdiction to make such determination."

The approval of the stipulation for property settlement by the trial court, in which the claim of Sherman and its pendency was recognized both by the court and by the parties, could not and did not terminate the court's jurisdiction. It was incumbent upon the court to dispose of the pending motion before assuming that the case was closed. Merely by failing or refusing to hear the pending motion, the trial court did not lose jurisdiction to allow attorney's fees.

The allowance of fees to an attorney under the facts before us is for the benefit of the wife, who has the primary obligation to compensate her attorney for services rendered. An order for the husband to pay such fees is for the purpose of placing the wife in a position of equality with the husband. In the instant case, by the allowance of attorney's fees to Sherman, full and complete adjudication of all claims in the one action will result; otherwise a multiplicity of suits will ensue, forcing Sherman to sue Mrs. Tower, and she in turn to join

Tower under his indemnity agreement. Such allowance will permit the court to finish what it had started with its award of attorney's fees "on account."

██ Sherman is properly before this court because he is very definitely a party substantially aggrieved by the disposition in the trial court. Equity demands that he be treated as an intervenor and he was so considered by the court and the parties because his motion was on behalf of himself and not for Mrs. Tower. We have said in the case of *Miller, et al. v. Clark,* 144 Colo. 431, 356 P. (2d) 965, that the tests to qualify for prosecuting a writ of error to this court are:

"One of two tests must be met before a party may prosecute a writ of error to this court. He must either be a party to the action or he must be a person substantially aggrieved by the disposition of the case in the lower court."

That Sherman is "a person substantially aggrieved" by the disposition of the case in the trial court is clear. His grievance stems from the entry of a judgment in the trial court which adversely disposed of a matter properly before it.

██ A full and complete hearing was had before the trial court. All of the evidence in behalf of Sherman and both Tower and Mrs. Tower was presented, all of which appears in the record before us. We conclude that the trial court had jurisdiction and should have made final award of attorney's fees to Sherman. However, no good reason appears why further hearings should be had in the trial court. The record before us is complete; any conflicts in the evidence are of little consequence and there is nothing to be resolved upon the demeanor of witnesses. In such circumstances, this court is as competent to fix the reasonable value of such services as would be the trial court, taking into account the evidence offered by the parties and other factors of which we may take judicial notice. Accordingly, we fix the fee at the sum of $7,500.00 being, in our judgment, the

more reasonable of the fees suggested by the opinion evidence. The $1,750.00 paid "on account" should be deducted from that amount, leaving a balance of $5,750.00.

The judgment of the trial court is reversed and the cause remanded with directions to enter an order requiring defendant in error Ralph F. Tower to pay to Henry S. Sherman the sum of $5,750.00 as the balance in full for professional services rendered on behalf of Mrs. Tower in connection with the action in the trial court.

MR. CHIEF JUSTICE HALL, MR. JUSTICE DOYLE and MR. JUSTICE McWILLIAMS dissent as to the remand.

MR. JUSTICE DOYLE dissenting:

I disagree with that part of the majority opinion which undertakes to determine and fix the award on the basis of disputed evidence.

That it is the trial court's function to hear and evaluate testimony and make determinations based thereon, and that our function is limited to review of trial court decisions, is clear. Furthermore, these procedural restraints have a sound basis. An appellate court is ill equipped to make determinations of this kind. The witnesses are not before it and the printed record furnishes little inspiration.

We have repeatedly recognized these principles and today's action is unjustified departure.

Having determined that Sherman was treated inequitably and unjustly, we should have remanded the cause for the purpose of hearing the evidence and determining the amount of the award.

MR. CHIEF JUSTICE HALL and MR. JUSTICE McWILLIAMS join in this dissenting opinion.