**RECREATIONAL DEVELOPMENT COMPANY OF AMERICA, a Delaware corporation, Plaintiff–Appellant and Cross–Appellee,**

**and**

**West Vail Associates, Ltd., a limited partnership, Plaintiff–Appellee,**

**v.**

**AMERICAN CONSTRUCTION COMPANY, a Colorado corporation, Defendant–Appellee and Cross–Appellant.**

**No. 85CA0661.**

Colorado Court of Appeals, Div. III.

Dec. 31, 1987.

Wolf & Slatkin, P.C., Walter Slatkin, Denver, for plaintiff-appellant and cross-appellee.

Calkins, Kramer, Grimshaw & Harring, Richard L. Harring, J.W. Jeff Karford, Denver, for plaintiff-appellee.

Bradley, Campbell & Carney, Earl K. Madsen, Golden, for defendant-appellee and cross-appellant.

TURSI, Judge.

Plaintiff Recreational Development Company of America (RDA) appeals the trial court's order denying it postjudgment interest on its arbitration award. Defendant, American Construction Company (American), cross-appeals asserting the trial court erred by denying it prejudgment interest. We affirm.

In 1972, RDA as owner and American as contractor contracted by three separate instruments for the construction of a grocery store, a shopping center, and an apartment building in Vail. Later, they agreed to arbitrate any claims that might arise between them.

RDA filed this action against American for breach of the agreements. American invoked the arbitration agreement and the trial court stayed the civil action. An arbitration award of $68,500 was entered on the grocery store contract in favor of RDA on October 27, 1975, and the trial court entered final judgment on that award on January 9, 1976. However, it stayed enforcement of the judgment pending the arbitration proceedings regarding the remaining two contracts because it anticipated there would be a setoff to sums due from RDA on the shopping center and the apartment building.

The claims on the shopping center and apartment building contracts were tried to the court and final judgment was entered in favor of American on its counterclaim. That judgment was appealed to this court by RDA as plaintiff and West Vail Associates, Ltd. (West Vail) as substitute plaintiff. The appellate file containing the trial court's final judgment shows the parties had stipulated that West Vail was assigned RDA's interest in the agreements covering the shopping center or the apartment building, and that any award on these facilities would be in favor of or against West Vail.

This court reversed the judgment in part and remanded the cause for redetermination of damages. *Recreational Development Co. v. American Construction Corp.* (Colo.App. No. 79CA0820, April 15, 1982) (not selected for official publication). On remand West Vail and American made a verbal agreement to settle the amount of damages on American's counterclaim for $123,000.

Upon receiving notice that West Vail and American had reached a settlement, RDA moved to vacate the stay of execution on its judgment for $68,500. It also requested award of interest on the judgment calculated from either the time that the arbitration award was entered or the time the judgment was entered.

The same day RDA filed its motion, West Vail sent its letter of confirmation of the settlement agreement stating it had agreed to pay $123,000 in full settlement of the amounts due American on the remaining

two contracts. Three days later American sent its letter of confirmation which stated the agreement was for the principal sum of $123,000 and that the issue of interest on that amount had not been discussed.

The trial court determined that West Vail and American entered an agreement whereby West Vail would pay American $123,000 as complete and final settlement of all claims which American had on the remaining two contracts. West Vail tendered $123,000 to the trial court; therefore, the trial court dismissed with prejudice all claims American had against West Vail and RDA.

Subsequently, American requested that the trial court alter or amend its judgment to include an award of prejudgment interest on the principal amount of $54,500 (its judgment of $123,000 less RDA's judgment of $68,500).

The trial court entered final judgment by ordering RDA's award of $68,500 be offset from the $123,000 owed to American by RDA and its successor in interest, West Vail. In its oral ruling on setoff, the trial court determined that the construction project was undertaken as one contract, funded as one contract, and performed as one contract by American for RDA, but broken down into three documents. RDA has not provided us with a record upon which to review this determination by the trial court, and accordingly, we must presume that the trial court acted properly. *See Loomis v. Seely*, 677 P.2d 400 (Colo. App.1983). The trial court also concluded no party was entitled to interest on any principal sum for any period.

## I

RDA asserts the trial court erred by not awarding it postjudgment interest on its arbitration award. We disagree.

Pursuant to the statute in effect at the time the arbitration award was entered, creditors were allowed to receive interest at the rate of eight percent per annum for money due on any instrument in writing or on account. Colo.Sess. Laws 1975, ch. 61, § 5–12–102 at 257.

██ Entry of an arbitration award on a contract represents a liquidated sum which is within the statute; therefore, it accrues interest. *Columbine Valley Construction Co. v. Board of Directors*, 626 P.2d 686 (Colo.1981); *York Plumbing & Heating Co. v. Groussman Investment Co.*, 166 Colo. 382, 443 P.2d 986 (1968). However, where a liquidated claim is offset by an unliquidated claim arising out of the same general transaction, interest is allowed only on the balance due. *York Plumbing & Heating Co. v. Groussman Investment Co., supra; Wagonmaster, Inc. v. Parrot*, 713 P.2d 417 (Colo.App. 1985).

██ Here, when RDA's arbitration award was set off against American's judgment, the balance was in American's favor; therefore, there was no balance due RDA upon which to allow interest.

RDA maintains that no mutuality of obligation exists between American and RDA since the judgment creditor in the arbitration award (plaintiff RDA) is not the judgment debtor (substitute plaintiff West Vail) in the later judgment; therefore, there can be no setoff. Again, we disagree.

██ C.R.C.P. 25(c) provides: "In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party." Therefore, substitution of a plaintiff is within the trial court's discretion. 7C C. Wright, A. Miller, & M. Kane, *Federal Practice & Procedure* § 1958 (2d ed. 1986). The original plaintiff continues in the action and remains the proper plaintiff unless a new plaintiff in interest is substituted by the trial court on motion by a party. *Hilbrands v. Far East Trading Co.*, 509 F.2d 1321 (9th Cir.1975); *Singer Housing Co. v. Seven Lakes Venture*, 466 F.Supp. 369 (D.Colo.1979).

██ Here, there is no documentation in the record that the trial court ordered West Vail be substituted as a plaintiff. The stipulation by the parties that RDA's interest was assigned to West Vail did not effect a substitution of plaintiff in the action.

Furthermore, RDA's actions were inconsistent with West Vail's asserted status as substitute plaintiff. RDA appealed the judgment in favor of American "as plaintiff." To prosecute the appeal, RDA had to be either a party to the action or substantially aggrieved by the disposition of the case in the trial court. *Tower v. Tower*, 147 Colo. 480, 364 P.2d 565 (1961).

The trial court also continued to treat RDA as plaintiff. Pursuant to the settlement arranged by West Vail and American, the trial court dismissed with prejudice all claims American had against *both* West Vail and RDA.

We conclude that even though the parties stipulated the judgment on the shopping center and apartment building contracts would be in favor or against West Vail, RDA remained the plaintiff and was a judgment debtor on American's counterclaim.

## II

American asserts on cross-appeal that the trial court erred by determining the agreement between West Vail and American was a complete and final settlement and therefore denying it prejudgment interest pursuant to Colo.Sess.Laws 1979, ch. 55, § 5–12–102 at 315 (the statute as it existed when the settlement was entered as a judgment). We disagree.

■ A settlement and compromise is a contract to end judicial proceedings, and accordingly, for it to be binding and enforceable, there must be a "meeting of the minds" as to its terms and conditions. *H.W. Houston Construction Co. v. District Court*, 632 P.2d 563 (Colo.1981). However, later dissatisfaction with the terms of a compromise agreement is not sufficient grounds to set it aside. *Royal v. Colorado State Personnel Board*, 690 P.2d 253 (Colo.App.1984).

American argues that the letters confirming the settlement agreement showed it was well known to both American and West Vail that the sum of $123,000 settled only the principal indebtedness and did not include any interest. We disagree.

West Vail's letter, accepted by American, stated authorization "to pay the sum of $123,000.00 *in full settlement* of the amounts due American Construction Corporation." (emphasis added) Furthermore, at the hearing on RDA's motion requesting interest which was held three months after the settlement was made, American's counsel admitted that it had been American's position that no party was due any interest. But, it asserted, if interest was to be awarded, then it should be awarded to American and not RDA. The, for the first time, it requested it be awarded interest.

■ Thus, once American contracted to settle the claims in full, it could not later claim it had reserved a particular issue not specifically discussed. *See Goff v. Boma Investment Co.*, 116 Colo. 359, 181 P.2d 459 (1947). Since the specific terms of the settlement agreement had been expressly authorized by the parties, American could not repudiate the settlement merely because RDA's subsequent request for interest raised the possibility that the amount which it would recover would be reduced. *See Griego v. Kokkeler*, 543 P.2d 729 (Colo. App.1975) (not selected for official publication).

Judgment affirmed.

STERNBERG and BABCOCK, JJ., concur.