In re the MARRIAGE OF Douglas M. SMITH, Appellee,

and

Sara Marie Smith, Appellant, and Concerning

Victor J. Barbieri, Appellee.

No. 86CA0889.

Colorado Court of Appeals, Div. II.

June 30, 1988.

No Appearance for appellees.

Sara Marie Smith, pro se.

VAN CISE, Judge.

Sara Marie Smith (wife) appeals the order denying her "motion for protective order for evidence, taxes, transcripts, and records" (motion to preserve records) in this dissolution of marriage action and the judgment awarding attorney fees to Victor J. Barbieri, the attorney of Douglas M. Smith (husband), for his services in opposing her motion. We affirm in part and reverse in part.

Following the dissolution of her marriage, wife filed a 42 U.S.C. § 1983 action in the federal district court. She alleged that, in the course of the dissolution of marriage proceedings, her civil rights had been violated by, among others, the trial judge, the sheriff's office, the district attorney, husband, and husband's counsel when the court issued and enforced an *ex parte* temporary injunction.

Prior to filing the federal court action, wife filed in the instant case a motion to preserve records, requesting that all materials relating to this case in the possession of the court, the sheriff, and the district attorney be preserved intact and in an accessible place, so that they would be available for later discovery in her federal court action.

The trial court denied her motion, stating that it was a discovery motion pursuant to C.R.C.P. 26, but that it related to the § 1983 action, and the court had no juris-diction to grant it in this dissolution of marriage action. The court awarded fees direct to husband's attorney pursuant to C.R.C.P. 37, and C.R.C.P. 121 § 1–15(7).

## I.

 Wife contends that the trial court erred when it found that it lacked jurisdiction to grant her motion. We agree in part, but affirm the denial for a different reason.

The trial judge has the power and obligation to assure that the records and reporter's notes in the matters it hears are preserved by the clerk for an extended period of time in accordance with C.R.C.P. 79 and 80 and the records management instructions from the Colorado Judicial Department. Therefore, it has jurisdiction to enter any order with respect to those records and notes. However, for the court to order itself to do what it is already obligated to do would serve no purpose and would create an absurdity.

 The record reveals that the district attorney had no relevant records in his possession. Because the sheriff's department records are only tangentially related to the dissolution of marriage action, a motion to preserve them, if appropriate at all, is more properly raised by means of a separate C.R.C.P. 106(a)(2) proceeding. Therefore, we decline to set aside the trial court's order with respect to those records.

## II.

We agree with wife's objection to the court's assessment of attorney fees pursuant to C.R.C.P. 37 and C.R.C.P. 121 § 1–15(7).

 Here, although the title of wife's motion included language used in C.R.C.P. 26(c), neither the motion nor her argument at the hearing indicated that she was requesting discovery. Since she was not requesting discovery relief, the court has no authority to assess attorney fees pursuant to C.R.C.P. 37.

 C.R.C.P. 121 § 1–15(7) provides that the court may assess attorney fees for bringing a frivolous motion. Here, the

court determined that appellant's motion was frivolous, based on its finding that it had no jurisdiction. Because the court's finding that it had no jurisdiction was erroneous, its finding that the motion was frivolous must also be set aside.

The order denying the motion to preserve records is affirmed. The judgment for attorney fees is reversed.

SMITH and NEY, JJ., concur.