Melissa **ROBERTS–HENRY**, Plaintiff,

v.

Jason **RICHTER**, Defendant–Appellee,

and Concerning,

Martha Gay, Appellant.

No. 89CA1204.

Colorado Court of Appeals,
Div. IV.

Sept. 27, 1990.

Rehearing Denied Nov. 8, 1990.

**1160**

Cooper & Kelley, P.C., Paul D. Cooper, Kay J. Rice, Ronald H. Nemirow, John R. Mann, Denver, for defendant-appellee.

Cornwell & Blakey, Bruce A. Hubbard, Kent E. Hanson, Denver, for appellant.

Opinion by Judge RULAND.

Martha Gay appeals from orders of the trial court denying her motion for attorney fees, costs, and sanctions as well as her motion for change of judge. We affirm in part, reverse in part, and remand for further proceedings.

Plaintiff, Melissa Roberts–Henry, filed a malpractice suit against defendant, Jason Richter, her previous psychiatrist, alleging negligence, outrageous conduct, breach of fiduciary duty, and an entitlement to exemplary damages. The basis for her complaint was a sexual relationship with defendant which commenced during the course of her therapy.

Gay was engaged to furnish psychiatric treatment to plaintiff after the therapy with defendant had been terminated. Defense counsel requested discovery from plaintiff, including the treatment notes of Gay.

Plaintiff filed a motion for a protective order, and Gay filed a lengthy report summarizing plaintiff's history and detailing her reasons opposing disclosure of treatment notes. The trial court ruled that the treatment notes were subject to discovery only if plaintiff determined to call Gay as a witness.

Defense counsel was permitted to depose Gay. The trial court limited the scope of the deposition to Gay's report and the source of Gay's information. At the first deposition, questions were directed to events in Gay's personal life. She therefore telephoned her attorney and was instructed not to answer. The deposition was terminated.

Defense counsel then endorsed Gay as an expert stating, among other things, that her opinion concerning the plaintiff's current condition was influenced by her own bias and unresolved personal experiences. Plaintiff responded with a motion to strike the endorsement of Gay as a witness in which Gay joined.

The court denied the motion to strike, but prohibited any inquiry by defense counsel into Gay's personal background. The court found that the proposed interrogation was "extremely intrusive without some factual predicate...."

At her next deposition, Gay was accompanied by counsel. She refused to answer questions on several occasions, asserting

that they went beyond the permissible scope of inquiry set forth in the court's order.

Defense counsel then filed a motion to compel, seeking responses to the unanswered questions and again seeking discovery of Gay's treatment notes. Gay responded to defendant's motion within the time permitted by C.R.C.P. 121 § 1–15. However, the trial court issued its ruling prior to receipt of this response.

The motion was denied except that Gay was directed to answer in writing questions as to whether she had been a party in similar lawsuits, whether depositions of her were taken, and the names of counsel in any such proceedings.

Pursuant to § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B), a senior judge was assigned by correspondence from the State Court Administrator to preside at the trial from "February 6 through 17, 1989...." Gay was not called as a witness.

The jury returned a verdict awarding damages to plaintiff. Following return of the jury's verdict, Gay filed a motion seeking attorney fees, costs, and sanctions, pursuant to C.R.C.P. 26(c), C.R.C.P. 37(a)(3), C.R.C.P. 11, and § 13–17–102, C.R.S. (1987 Repl.Vol. 6A). This motion was denied.

Gay also filed a motion for change of judge, alleging that the authority and jurisdiction of the senior judge had expired pursuant to Colo. Const. art. 6, § 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B). The senior judge denied this motion, concluding that the "usual and customary practice" was for an assigned judge to preside over the trial and to hear all post-trial motions. Further, the court ruled that Gay had failed to comply with the requirements of C.R.C.P. 97.

## I

We first address defendant's contention that Gay lacks legal standing to pursue this appeal. Defendant bases this contention on his assertion that there are no appellate decisions recognizing the right of a non-party deponent to appeal an order of the trial court relative to discovery and on the further assertion that Gay was not "substantially aggrieved" by the disposition of the case in the trial court. We conclude that Gay has standing.

■ A non-party has standing to appeal an order of the trial court following entry of final judgment if it appears that the appellant was "substantially aggrieved by the disposition of the case in the lower court." *Miller v. Clark*, 144 Colo. 431, 356 P.2d 965 (1960). Thus, in *Tower v. Tower*, 147 Colo. 480, 364 P.2d 565 (1961), counsel for one of the parties was allowed to appeal an order denying a request for attorney fees on the basis that counsel was substantially aggrieved by that order.

■ By the same reasoning, a non-party deponent is aggrieved by an order denying a request for attorney fees and costs predicated upon an alleged violation of the discovery process if, as here, there is specific provision made in the Rules of Civil Procedure for an award of such fees and costs. *See* C.R.C.P. 26(c)(3); C.R.C.P. 37(a)(3).

## II

Gay contends that she is entitled to an award of attorney fees and costs under C.R.C.P. 26(c) and 37(a)(3). As the issue is postured here, we disagree.

C.R.C.P. 26(c) allows a party or "person from whom discovery is sought ... on matters relating to a deposition," to move for:

"any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... that the discovery may be had only on specified terms and conditions, [or] that certain matters not be inquired into...."

C.R.C.P. 26(c) further provides that the provisions of C.R.C.P. 37(a)(3) are applicable to an award of attorney fees and expenses incurred in relation to the motion.

■ Relying upon *Hutchinson v. Hutchinson*, 149 Colo. 38, 367 P.2d 594 (1961), Gay contends that the substance of her motion to strike was to "request protection from the intrusive inquiry previously attempted by the defendant," and that the nature of her pleading should be deter-

mined by its content rather than its title. We conclude that the trial court's ruling was correct.

The plaintiff's motion and Gay's supporting brief primarily addressed the issue of whether Gay's testimony would be admissible at trial. While reference was made in the brief to the potential disruption of plaintiff's psychiatric care and harrassment of Gay, neither the motion nor the brief set forth requests for fees and expenses relative to the discovery issues. Accordingly, the court did not err in declining to award fees based upon this motion. *See In re Marriage of Smith*, 757 P.2d 1159 (Colo. App.1988).

### III

■ Gay next contends that the mandatory language of C.R.C.P. 37(a)(3) required the court to impose upon defendant the reasonable expenses and attorney fees incurred by her in opposing defendant's motion to compel. Defendant responds that no award could be made because the court ruled prior to Gay filing her response in opposition to the motion. We conclude that additional proceedings are required relative to this issue.

C.R.C.P. 37(a)(3) provides that when a party's motion to compel discovery is denied:

"[T]he court shall ... require the moving party or the attorney advising the motion or both of them to pay to the *party or deponent* who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was *substantially justified....*" (emphasis added)

Since Gay timely filed a response to defendant's motion to compel consistent with the requirements of C.R.C.P. 121 § 1-15, she is entitled, as a deponent, to the reasonable expenses and attorney fees she incurred unless the court finds that defendant's motion was substantially justified.

Because the court found merely that the motion was "not without justification," we must remand the issue to the trial court for further findings consistent with the requirements of the rule.

### IV

Gay next contends that she is entitled to costs and sanctions pursuant to C.R.C.P. 11, C.R.C.P. 121 § 1-15(7), and § 13-17-102, C.R.S. (1987 Repl.Vol. 6A) because of repeated violations by defendant of the court's discovery order and groundless accusations against Gay and her treatment of plaintiff. We conclude that these contentions lack merit.

### A

■ C.R.C.P. 11 directs the court to impose sanctions which may include attorney fees upon a party or his counsel for pleadings filed for some improper purpose such as harrassment. However, the sanctions are for the benefit of the "party or parties."

Contrary to Gay's contention, a "party" does not include a non-party deponent. A distinction is maintained in the Rules of Civil Procedure between parties and other persons who appear for depositions or as witnesses. *See* C.R.C.P. 17; C.R.C.P. 26(c); and C.R.C.P. 107. Thus, we perceive no basis for concluding that the term "party" in C.R.C.P. 11 was intended to include a non-party deponent.

### B

Section 13-17-102(4), C.R.S. (1987 Repl. Vol. 6A) authorizes the trial court, on its own motion or that of a party, to award attorney fees for abuse of the discovery process. Even if we assume that this statute was intended to authorize an award to a non-party deponent, no such motion was made on behalf of Gay by the plaintiff, and the senior judge, by his findings, confirmed that he was not disposed to make such an award on his own motion.

### C

Gay argues that C.R.C.P. 121 § 1-15(7) places no limits on who may seek sanctions from the court. However, since this issue is raised for the first time on appeal, we

decline to consider it. *Stone v. Chapels for Meditation, Inc.*, 33 Colo.App. 346, 519 P.2d 1233 (1974).

## V

 Finally, Gay contends that the senior judge erred in denying her motion for change of judge. Based upon the language in the judicial administrator's letter, Gay argues that, the judge's appointment expired by its terms on February 17, 1989, and that, in any event, the appointment could not exceed the final day of the trial which ended on February 23, 1989. We find no merit in this contention.

Section 24-51-1105, C.R.S. (1988 Repl. Vol. 10B) provides that a member of the judiciary may perform, during retirement, assigned judicial duties for up to 60 days each year. And, we view the time frame referenced in the letter to be based upon the projected length of the trial. We further conclude that the assignment itself contemplated that the senior judge would preside in the case until final judgment was entered unless otherwise noted. *See* Colo. Const. art. VI § 5(3).

Therefore, even if we assume, as Gay argues, that C.R.C.P. 97 does not apply to this type of motion for change of judge, we conclude that the assigned judge necessarily retained the authority to rule on all issues, including post-trial motions.

## VI

Contrary to defendant's contention, we conclude that this appeal was not frivolous and, therefore, deny the request for sanctions under C.A.R. 38(d).

The orders are affirmed except for the order pertaining to an award of expenses and attorney fees pursuant to C.R.C.P. 37(a)(3). The cause is remanded for further proceedings consistent with the views expressed in this opinion.

TURSI and REED, JJ., concur.