**MOUNTAIN STATES TELEPHONE AND TELEGRAPH COMPANY, d/b/a U.S. West Communications, Inc., Plaintiff–Appellee,**

v.

**STATE DEPARTMENT OF HIGHWAYS, Defendant–Appellant.**

**No. 91CA2074.**

Colorado Court of Appeals, Div. I.

Feb. 11, 1993.

Rehearing Denied March 18, 1993.

Certiorari Granted Aug. 23, 1993.

Kathleen M. Shildmyer, Denver, for plaintiff-appellee.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Simon P. Lipstein, Asst. Atty. Gen., Denver, for defendant-appellant.

Kelly, Stansfield & O'Donnell, Timothy J. Flanagan, Juan B. Otero, Denver, for amicus curiae Public Service Co. of Colorado and Utility Notification Center of Colorado.

Opinion by Judge METZGER.

Defendant, State Department of Highways, appeals from a judgment awarding property damages of $10,302.07 to plaintiff, Mountain States Telephone and Telegraph Company, d/b/a U.S. West Communications, Inc. We affirm.

The amended complaint alleged that, in January 1989, defendant's employees had excavated an area near a street intersection in order to place a traffic sign in the median strip. It further alleged that, during the excavation, defendant's employees negligently "nicked" two of plaintiff's un-

derground cables. According to the complaint, plaintiff discovered the damage five days later, after moisture had seeped into and damaged the interior of the cables.

The amended complaint also alleged that defendant had breached its duty to give notice as required by the "Excavation Requirements" statute, § 9–1.5–101, et seq., C.R.S. (1986 Repl.Vol. 3B), before excavating for the sign. Finally, the complaint alleged that, because the state was a "person" to whom the statutory duty applied, sovereign immunity had been implicitly waived for defendant's violation of that duty and defendant was liable for the resulting damage.

Defendant filed a motion to dismiss the amended complaint. In the motion, defendant acknowledged that it was subject to the requirements of § 9–1.5–101, et seq., but it asserted that sovereign immunity had not been waived for any damage resulting from its failure to comply with the statute.

The trial court denied defendant's motion after determining that the General Assembly intended an implied waiver of sovereign immunity in the event of a public entity's failure to abide by the terms of § 9–1.5–103 and § 9–1.5–104, C.R.S. (1986 Repl.Vol. 3B).

Subsequently, defendant filed an answer to the amended complaint denying any negligence and asserting again that plaintiff's claims were barred by the doctrine of governmental immunity.

After a bench trial, the court found that defendant had a statutory duty to contact plaintiff before performing the excavation and that defendant's failure to do so constituted negligence. Also, it reiterated its conclusion that the Excavation Requirements statute created an implied waiver of sovereign immunity. Accordingly, judgment was entered against defendant for the stipulated damages amount of $10,302.07 plus interest and costs.

## I.

Defendant contends that the trial court's determination of liability was erroneous because governmental immunity has not been waived pursuant to § 24–10–106(1), C.R.S. (1988 Repl.Vol. 10A) for damage caused by negligent excavation. Defendant further argues that any provisions of the 1981 Excavation Requirements statute which could be construed as providing for compensatory damages against a public entity were negated by the 1986 amendments to the Governmental Immunity Act. We disagree.

■ When two apparently contradictory statutes relate to the same subject matter and two alternative constructions are possible, this court will adopt an interpretation that gives effect to both statutes. Further, a statute that is specific in its terms is not repealed by a later enactment which is in general terms unless an intent to do so is clear and unmistakable. *People v. District Court*, 196 Colo. 249, 585 P.2d 913 (1978).

Here, in pertinent part, the Excavation Requirements statute specifically imposes the following duty:

[N]o *person* shall make or begin excavation without first notifying an owner, operator, or association of owners and operators having underground facilities in the area of such excavation.

Section 9–1.5–103(3)(a), C.R.S. (1986 Repl. Vol. 3B) (emphasis supplied). In addition, an excavator must immediately notify a facilities owner of the location and extent of any damage and must cooperate to mitigate damages to the extent reasonably possible. Sections 9–1.5–103(5) and 9–1.5–103(7), C.R.S. (1986 Repl.Vol. 3B).

Further, "person" is defined as "any individual, partnership, association, corporation, or joint venture; *the state, any political subdivision of the state, or any instrumentality or agency of either*." Section 9–1.5–102(6), C.R.S. (1986 Repl.Vol. 3B) (emphasis supplied).

■ Here, we perceive no basis for concluding that the General Assembly intended to repeal the specific provisions of the excavation statute when it subsequently amended the more general immunity act.

To the contrary, one of the 1986 amendments to the Governmental Immunity Act was the enactment of § 24–10–106.5(1), C.R.S. (1988 Repl.Vol. 10A) which provides, in pertinent part, that: "Nothing in this section shall be construed to relieve a public entity of a duty of care expressly imposed under other statutory provision." Further, one of the basic but often overlooked purposes of the Governmental Immunity Act is to permit a person to seek redress for injuries caused by a public entity, and the immunity created by that Act, being in derogation of the common law, must be strictly construed. *State v. Moldovan*, 842 P.2d 220 (Colo.1992).

In *State v. Moldovan, supra,* our supreme court addressed the issue whether the state could be held liable in damages for breach of a statutory duty to maintain fences adjacent to state highways. After considering the nature of the statutory duty involved and the purpose sought to be achieved by that duty (protection of highway motorists from the danger of injuries), it concluded that the state could be held liable in damages on a theory of general negligence.

Here, the express purpose sought to be achieved by the excavation statute is "to prevent injury to persons and damage to property from accidents resulting from damage to underground facilities by excavation." Section 9–1.5–101.

■ We conclude that the concern for public safety underlying the Excavation Requirements statute, along with the specific provisions of § 9–1.5–103 and § 24–10–106.5(1), manifest a legislative intent to create a private remedy in damages under general negligence principles on behalf of an owner whose underground facilities are damaged by the state's failure to comply with the Excavation Requirements statute. *See State v. Moldovan, supra.*

Accordingly, we conclude that the trial court did not err in awarding plaintiff its stipulated damages.

## II.

■ Defendant also contends that the trial court erred in its determination that defendant's activities constituted an "excavation." In support of this contention, it argues that the removal of a signpost is not equivalent to an "excavation" within the meaning of the statute. Again, under the circumstances present here, we disagree.

Section 9–1.5–102(3), C.R.S. (1986 Repl. Vol. 3B) states:

'Excavation' means any operation in which earth is moved or removed by means of any tools, equipment, or explosives and includes augering, backfilling, ditching, drilling, grading, plowing-in, pulling-in, ripping, scraping, trenching, and tunneling.

Defendant's witness, a highway maintenance employee who was involved in the replacement of the signpost, testified that the crew "augered down" to a depth of 36 inches to remove the old sign. In the process, the power auger removed old post wood shavings and broken pieces of post, sand, and gravel. In replacing the post, it was necessary to backfill around the hole.

Based upon this evidence, we conclude that trial court correctly determined that defendant's activities in replacing the signpost amounted to an "excavation" within the meaning of the statute.

## III.

■ Defendant further contends that the trial court erred in awarding compensatory damages to plaintiff because the provisions of the Excavation Requirements statute indicated that injunctive relief was intended to be the sole remedy for failure to comply with its terms. In support of this contention, while acknowledging that the statute recognizes that an action for compensatory damages may exist, defendant argues that no legislative intent to impose civil liability for violations was "clearly expressed." However, because this argument was neither raised nor considered in the trial court, we decline to address it on appeal. *See Dove v. Delgado*, 808 P.2d 1270 (Colo.1991);

*Roberts–Henry v. Richter,* 802 P.2d 1159 (Colo.App.1990).

In view of our resolution of the foregoing issues, we consider it unnecessary to address plaintiff's remaining contention.

Judgment affirmed.

PIERCE, J., concurs.

DAVIDSON, J., dissents.

Judge DAVIDSON dissenting.

The issue here is whether, by an implied waiver of sovereign immunity, a tort action for damages can be maintained against the state for alleged negligent excavation pursuant to the provisions of the Excavation Requirements Act, § 9–1.5–101 et seq., C.R.S. (1986 Repl.Vol. 3B). Because I conclude that the action is barred by the Governmental Immunity Act, I disagree, and therefore respectfully dissent.

With limited exceptions explicitly set forth in the statute, the Governmental Immunity Act bars any action against a public entity for injury that lies, or could lie in tort. *See* § 24–10–106 and 24–10–108, C.R.S. (1988 Repl.Vol. 10A); *City & County of Denver v. Desert Truck Sales, Inc.,* 837 P.2d 759 (Colo.1992). No legislatively created exception is applicable here. *See* § 24–10–106, C.R.S. (1988 Repl.Vol. 10A). *See also* Colo.Sess.Laws 1971, ch. 323, at 1206 (1971 exceptions also inapplicable). Plaintiff's argument, not reached by the majority, that this case involves the operation of a motor vehicle—an activity exempted from sovereign immunity under § 24–10–106(1)(a)—is incorrect. *See Bain v. Town of Avon,* 820 P.2d 1133 (Colo.App. 1991) (backhoe is not a motor vehicle).

The Governmental Immunity Act is the sole source of claims for relief for recovery of damages against the state for actions which lie or could lie in tort. *See* § 24–10–102, C.R.S. (1988 Repl.Vol. 10A) ("The general assembly [recognizes] the desirability of *including within one article all the circumstances* under which the state, or any of its political subdivisions, or the public employer of such public entities may be liable in actions which lie in tort or could lie in tort...." (emphasis added)); § 24–10–105, C.R.S. (1988 Repl.Vol. 10A) ("It is the intent of this article *to cover all actions* which lie in tort or could lie in tort. [No] public entity [and no public employee] shall be liable *[except] as provided in this article."* (emphasis added)); § 24–10–106 ("A public entity shall be immune from liability [except] as provided otherwise in this section."). *See* Colo.Sess.Laws 1971, ch. 323 at 1204, 1206 (identical relevant language).

Accordingly, I do not agree that sovereign immunity for an action otherwise barred by the Governmental Immunity Act, can be waived "by implication." Thus, the absence of an explicit waiver of sovereign immunity in § 24–10–106 for the negligent activity alleged here is dispositive.

Nor can *State v. Moldovan,* 842 P.2d 220 (Colo.1992) be relied upon as authority to expand the parameters of sovereign immunity beyond the terms of the Governmental Immunity Act. In *Moldovan, supra,* our supreme court concluded that the state could be liable in damages for breaching its statutory duty to maintain fences along public highways. However, that conclusion was not based upon a finding of implied waiver. Rather, it was premised upon the court's explicit determination that sovereign immunity for the negligent activity involved, i.e. maintaining a dangerous condition of a public highway, is *specifically* waived by § 24–10–106(1)(d) of the Governmental Immunity Act. Thus, the holding in *Moldovan* that there is a private cause of action created under the Fence Law included the prior determination that the cause of action is not otherwise barred by the Governmental Immunity Act. The cause of action here, on the other hand, is barred by that Act.

Moreover, the analysis in *Moldovan* makes it clear that the existence of a statutory duty of care imposed on the state, here by the Excavations Requirements Act, is not determinative of the independent question of whether sovereign immunity bars the lawsuit. In *Moldovan,* despite its determination that the Fence Law imposes a statutory duty on the state, the supreme court nevertheless concluded that the waiv-

er of sovereign immunity set forth in § 24–10–106(1)(d) is limited, then permitted only a private cause of action for negligence, but barred plaintiff's claim for negligence *per se* based upon sovereign immunity. Thus, the issue of whether sovereign immunity is a bar to suit must be separately analyzed from the issue of whether there exists a statutory duty or private cause of action. Here, since I conclude that sovereign immunity is a bar to plaintiff's suit, there is no need to proceed to the second inquiry of whether the statute imposes a statutory duty upon the state and also creates a private cause of action in damages.

Finally, however, even if I were to assume that sovereign immunity is not a bar to this action, I am not convinced that the Excavations Requirements Act creates a private cause of action in damages. Under the Act, repeated breaches of its notification requirement may be remedied by injunctive or other equitable relief. *See* § 9–1.5–104, C.R.S. (1986 Repl.Vol. 3B). References in the statute to liability for damages merely acknowledge the existing common law remedy of a tort action in negligence, *see* § 9–1.5–104 (injunctive or equitable relief ordered to remedy repeated violations "may be in addition to any claim for compensatory damages"), and distinguish when an action may be brought for negligence, or negligence *per se*. *See* § 9–1.5–103(6), C.R.S. (1986 Repl.Vol. 3B) (if notice given and owner or operator fails to provide timely information, excavator only liable for damages "upon proof of his negligence").

Therefore, because I conclude that the action is barred by the Governmental Immunity Act, and also that, in any event, the Excavations Requirements Act creates no private cause of action for damages, I would reverse the judgment and remand the matter to the trial court with instructions to dismiss.