Carl CERVENY, George J. Langdon, and Kenneth K. Siler, Plaintiffs–Appellants,

and

Kevin B. Pratt and Douglas Bruce, Third–Party Appellants,

v.

CITY OF WHEAT RIDGE, Defendant–Appellee.

No. 93CA1453.

Colorado Court of Appeals, Div. IV.

June 30, 1994.

As Modified on Denial of Rehearing July 28, 1994.

Certiorari Granted Feb. 13, 1995.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1993 Cum.Supp.).

Kevin B. Pratt, Colorado Springs, for plaintiffs-appellants and third-party appellants.

Kathryn L. Schroeder, Denver, for defendant-appellee.

Opinion by Judge HUME.

Plaintiffs, Carl Cerveny, George J. Langdon, and Kenneth K. Siler, and third-party appellants, Kevin B. Pratt and Douglas Bruce, appeal the trial court's order denying an award of costs and attorney fees after plaintiffs prevailed on their claim against defendant, City of Wheat Ridge, for injunctive and declaratory relief under Colo. Const. art. X, § 20 (the amendment). We reverse and remand with directions.

Plaintiffs sued to prevent defendant from holding a special election on a ballot issue.

After plaintiffs prevailed, they sought an award of attorney fees and costs as provided in the amendment. The trial court denied the request.

Plaintiffs' initial notice of appeal designated only the original parties-plaintiff as appellants. Subsequently, however, an amended notice of appeal was filed, adding plaintiffs' attorney of record, Pratt, and the principal drafter and proponent of the amendment, Bruce, as third-party appellants. Neither of the third-party appellants requested or was granted leave to intervene or otherwise was designated as a party to the proceedings before the trial court.

Plaintiffs and third-party appellants contend that the trial court erred in denying plaintiffs' motion for attorney fees on the ground that they had neither paid, nor incurred an obligation to pay, such fees under the agreement with their attorney. We agree.

The contingent fee agreement between plaintiffs and their attorney provided that:

> [I]f the court awards attorneys fees, I [Pratt] will receive payment of those fees from [defendant]. If the court denies attorneys fees to plaintiffs, I will treat the case as pro bono, which means that I have handled the case for free. In either event, you ... will not be responsible for paying me any attorney's fees.

The trial court found that the action was conceived and initiated by Bruce and/or the Taxpayers Bill of Rights Committee (TABOR), both non-residents of Wheat Ridge; that Bruce and TABOR had established an attorney-client relationship with plaintiffs' attorney before plaintiffs became involved in the suit; and that Bruce and TABOR had paid the costs related to bringing the suit. The court also found that plaintiffs had incurred no personal obligation to pay the attorney and that the contingent fee agreement did not comply with the requirements of C.R.C.P. 23.3 governing contingent fees and those of Colorado Rules of Professional Conduct 1.5(c). Based upon those findings, the trial court concluded that Bruce and TABOR were the real parties in interest and that plaintiffs had acted only as nominal parties in

the action for injunctive and declaratory relief.

## A.

■ Colo. Const. art. X § 20(1) provides in relevant part, that:

Successful plaintiffs are allowed costs and reasonable attorney fees....

The trial court supported its denial of costs and fees by finding that, although statutory provisions using similar language may not preclude persons other than prevailing plaintiffs from an award of attorney fees, such an interpretation did not apply in the context of this case because Bruce, a non-party, was in fact the real party in interest. The trial court reasoned that allowing persons other than a "successful plaintiff" who was also a real party in interest to recover attorney fees and costs was against public policy because such a ruling would encourage lawsuits, thus increasing governmental expenditures rather than reducing them as contemplated by the amendment.

■ Interpretation of a constitutional provision is a question of law, and therefore, an appellate court is not required to accord deference to a trial court's ruling in that regard. The goal of interpreting a constitutional provision is to ascertain and give effect to the intent of those who adopted it. If the provision was adopted by popular vote, courts must determine what the people believed the language of the amendment meant when they voted it into law. To do so, courts must give the language the natural and popular meaning usually understood by the voters. *Urbish v. Lamm*, 761 P.2d 756 (Colo. 1988).

Here, we do not interpret the provision authorizing awards in favor of "successful plaintiffs" to include a limitation solely to plaintiffs who incurred an obligation to pay or actually paid attorney fees and costs. The plain meaning of this phrase connotes that a plaintiff who prevails is entitled to an award of costs and reasonable attorney fees for litigation undertaken to enforce the amendment's substantive provisions.

Further, a division of this court has previously held that a party need not be obligated to pay attorney fees to be entitled to such an award authorized by a statute. *In re Marriage of Swink*, 807 P.2d 1245 (Colo.App. 1991).

We also reject the trial court's determination that Bruce, rather than plaintiffs, was the real party in interest in the underlying litigation. Although the record reflects that Bruce was interested in and supportive of that litigation, it also reflects that plaintiffs were not only the designated parties who brought the suit, but also were the primary interested parties who, as Wheat Ridge taxpayers, would be affected by the proposed ballot issue.

Hence, we conclude that the denial of an award of reasonable attorney fees and costs requested by plaintiffs cannot stand.

## B.

■ Defendant also contends that, because Bruce did not join as a party plaintiff or seek intervention in the trial court prior to this appeal, he does not have standing to appeal the denial of costs. We agree.

Under the plain language of the amendment, "successful plaintiffs" includes only those plaintiffs that participated as parties in the lawsuit before the trial court. In our view, that term does not include non-parties who may have actually advanced costs or services to the litigation effort on plaintiffs' behalf but who did not personally participate as parties in the trial court proceedings.

Bruce asserts that, inasmuch as he actually advanced the costs in question, he has standing to appeal the order entered because he is substantially aggrieved by such order. We disagree.

Generally, intervention by a new party is not permitted at the appellate stage of litigation. *People ex rel. Dunbar v. South Platte Water Conservancy Dist.*, 139 Colo. 503, 343 P.2d 812 (1959). *See also Marino v. Ortiz*, 484 U.S. 301, 108 S.Ct. 586, 98 L.Ed.2d 629 (1988).

However, exceptions to the general rule have been made to allow an appellate remedy in favor of non-parties who can demonstrate that they are substantially aggrieved by a

trial court's order or judgment and who would be left without a reasonably expeditious judicial remedy under the general rule. *See Tower v. Tower,* 147 Colo. 480, 364 P.2d 565 (1961); *Miller v. Clark,* 144 Colo. 431, 356 P.2d 965 (1960).

Many of the cases falling into this exception involve attorneys, witnesses, or other persons against whom sanctions have been imposed in the course of judicial proceedings before the trial court. *See American Respiratory Care Services v. Manager of Revenue,* 835 P.2d 623 (Colo.App.1992); *cf. In re Marriage of Pontius,* 761 P.2d 247 (Colo.App. 1988). Some, however, also involve denial of awards of fee or cost requests made in trial court proceedings by non-parties. *See Bye v. District Court,* 701 P.2d 56 (Colo.1985); *Tower v. Tower, supra; Roberts–Henry v. Richter,* 802 P.2d 1159 (Colo.App.1990).

Here, no sanction has been imposed against Bruce personally. Nor did the trial court deny any request by Bruce for an award of costs that he might have advanced on behalf of plaintiffs. In addition, Bruce's contentions as a third-party appellant are actively being asserted by plaintiffs. Hence, Bruce was not personally aggrieved by the trial court's order denying costs in this case.

Moreover, while the record indicates that Bruce may indeed have advanced costs in support of plaintiffs' cause, the record is inadequate for us to determine whether the advance was gratuitous on Bruce's part or whether he may have some right as a creditor against plaintiffs for reimbursement of such costs. In short, Bruce's derivative right to recover costs, if any, was never addressed or ruled upon by the trial court, and we decline to address that issue for the first time on appeal.

■ Similarly, we also conclude that plaintiffs' attorney does not have standing to participate as a party to this appeal. Although he was the attorney of record and may have been contractually entitled to receive fees awarded to plaintiffs, he did not move to intervene as a party in the trial court proceedings. Nor did he make any request in that tribunal for an award of fees on his own behalf. His only request was for an award in favor of plaintiffs, and his contentions, like those of Bruce, are fully and adequately asserted by plaintiffs. Hence, the court's order cannot be deemed to have substantially aggrieved plaintiffs' counsel personally.

## C.

■ Plaintiffs also contend that defendant did not have standing to challenge the validity of the contingent fee agreement and, therefore, the court improperly considered it. We agree.

Only the parties to an attorney-client contract may challenge its validity. *In re Marriage of Nichols,* 38 Colo.App. 82, 553 P.2d 77 (1976). Accordingly, the trial court erred insofar as the denial of attorney fees rested on failure to comply with statutory requirements for contingent fee agreements.

## D.

■ Finally, we reject defendant's contention that the trial court's order should be affirmed because the amendment's provision for attorney fees and costs in favor of successful plaintiffs contravenes the constitutional requirement for equal protection by denying similar treatment to successful governmental defendants.

Here, the scheme set out in the amendment bears a rational relationship to a permissible governmental purpose: the facilitation of taxpayer suits to enforce compliance with the purpose of restraining governmental growth. *See Crested Butte South Metropolitan District v. Hoffman,* 790 P.2d 327 (Colo. 1990); *Torres v. Portillos,* 638 P.2d 274 (Colo.1981).

The order is reversed, and the cause is remanded to the trial court with directions to determine a reasonable amount of attorney fees and enter an award in favor of plaintiffs for such fees and costs incident to this litigation, including this appeal.

DAVIDSON and BRIGGS, JJ., concur.