**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Herbert E. REEVES, Narcie B. Reeves, husband and wife et al., Defendants,**

**Hitchinrail Duplex Apartments, a partnership consisting of Will Key Jefferson and Lawrence Nelson, Defendants-Appellants.**

**No. 24166.**

United States Court of Appeals, Ninth Circuit.

Sept. 22, 1970.

Will Key Jefferson, in pro. per.

A. Lee Petersen (argued), Asst. U. S. Atty., Douglas B. Baily, U. S. Atty., Anchorage, Alaska, for appellee.

Before CHAMBERS, HAMLEY and KILKENNY, Circuit Judges.

PER CURIAM:

In this action by the United States to foreclose a defaulted real estate contract, Will Key Jefferson, a lay person, filed a motion asking that Hitchinrail Duplex Apartments (Hitchinrail), a partnership, be substituted for Narcie B. Reeves and Greater Anchorage Area Borough (Borough), two of the named defendants. In his motion Jefferson alleged that he is a partner in Hitchinrail, and that the partnership acquired the interest of Mrs. Reeves and Borough by quit claim deeds executed after commencement of the action.

The motion for substitution was unopposed and was granted by the district court. At the time of filing its motion for substitution, Hitchinrail also filed an answer in which it alleged that its claim to the property is superior to that of the United States. The United States then filed an amended complaint naming Hitchinrail, a partnership consisting of Jefferson and Lawrence Nelson, as additional defendants. The Government alleged that Hitchinrail is entitled to no interest in the real estate and that Jefferson is trespassing on the property and should be evicted.

Jefferson, as "managing" partner of Hitchinrail, filed an answer to the amended complaint. The Government moved to strike this pleading on the ground that since Jefferson is not an attorney he may not represent Hitchinrail in this action. The district court granted this motion and struck Hitchinrail's answer from the record for the reason that Jefferson is not a licensed attorney. The court gave Hitchinrail fifteen days within which to answer or otherwise plead "through counsel properly admitted to the practice of law in the State of Alaska and this Court."

Jefferson then moved for leave to personally intervene and to be substituted for Hitchinrail, alleging that he had a half interest in the partnership. This motion was denied. Hitchinrail did not file a subsequent pleading and default was entered against it. Thereafter a summary judgment was entered decreeing that Hitchinrail had no interest in the property. Jefferson, on behalf of himself, and Hitchinrail, then took this appeal.

Under Alaska Statutes 32.05.190, each partner has a specific right in partnership property. It follows that, in pleading Hitchinrail's defense against the foreclosure of real estate in which that partnership claimed an interest, Jefferson, as a member of that partnership, was pleading his own case.

Under 28 U.S.C. § 1654, in all courts of the United States, the parties may plead and conduct their own cases personally or by counsel "* * * as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."

We do not believe the quoted words give a district court the right to forbid a personal party, as distinguished from a corporation, from pleading and conducting his own case. Those words do authorize a local district court to prescribe reasonable rules governing such appearances, which rules, we think, may not operate to withdraw the right affirmatively conferred by section 1654. The order striking Hitchinrail's pleading is not based upon the violation of any local rule called to our attention.

The judgment is therefore reversed as to Hitchinrail and the cause is remanded for further proceedings consistent with this opinion.