In re the MARRIAGE OF Christine G. PONTIUS, Appellee,

and

**Daniel Merle Pontius, Appellant.**

No. 87CA0441.

Colorado Court of Appeals, Div. I.

March 31, 1988.

Rehearing Denied May 5, 1988.

Certiorari Denied Sept. 12, 1988.

Cross, Gaddis, Kin & Quicksall, P.C., Thomas R. Cross, Colorado Springs, for appellee.

Maurice R. Franks, Denver, for appellant.

METZGER, Judge.

Upon dissolution of the parties' marriage in February 1980, sole custody of their three children was awarded to Christine G. Pontius (mother), and Daniel Merle Pontius (father) was ordered to pay $200 per month per child in child support. In 1986, father filed a motion for change of custody to him and sought modification of his child support obligation. The trial court denied his requests, and assessed attorney fees against the father and his attorney, jointly and severally. On appeal by father, we affirm.

When the dissolution decree was entered, the father was granted visitation consisting of alternating weekends and Wednesday afternoons. However, shortly thereafter, the father remarried, and requested additional visitation with the children. Recognizing that the children enjoyed the time they spent with their father, the mother assented. When the father filed this action

in 1986, the children were spending approximately 57 percent of their time with him and their stepmother.

The mother, however, continued to exercise control over the lives of the children, both by making the major decisions in their behalf and by continuing other parenting duties such as assisting with homework, attending all parent-teacher conferences, transporting them to athletic activities and lessons, assisting in their expenses, and providing love, support, and encouragement. The mother testified that it was never her intent that the expansion of visitation would or could constitute a change in her capacity as legal custodian for the children.

In early 1986, wishing to move to Michigan and take the children with him, the father requested that the mother allow him to do so. After her refusal, he filed this motion for modification of custody and support.

The trial court denied the motion, finding that the liberalized visitation schedule the parties agreed to did not encompass the mother's consent to a change of custody within the meaning of § 14–10–131(2)(b), C.R.S. (1987 Repl.Vol. 6B). It further found that the children's best interests required that their legal custody remain with the mother and that the father have visitation every other week. Additionally, the court awarded attorney fees to the mother, based upon its consideration of § 14–10–119, C.R.S. (1987 Repl.Vol. 6B), finding that the father was better able to pay. Alternatively, it found that "this particular piece of litigation" was substantially frivolous and substantially groundless as defined in § 13–17–101, C.R.S. (1987 Repl. Vol. 6A); accordingly, it ordered that the father's attorney be jointly and severally liable for the attorney fees and costs. This appeal ensued.

The father first contends that the trial court erred in denying his motion for change of custody. He argues that, since the evidence is undisputed that the children spent more than one-half their time at his home, that fact alone established that the children had been integrated into his house-

hold with the consent of their mother, the legal custodian. Thus, he asserts, the requirements of § 14–10–131(2)(b), C.R.S. (1987 Repl.Vol. 6B) had been met. We disagree.

■ Under the pertinent provision of § 14–10–131(2), C.R.S. (1987 Repl.Vol. 6B), modification of a prior custody decree is permitted only if: (1) there has been a change of circumstances in the child or his custodian resulting from facts arising since entry of the prior decree or that were unknown to the court at the time of its entry; (2) the change is necessary to serve the best interests of the child; and (3) the child has been integrated into the family of the party seeking the change with the consent of the custodian.

No Colorado cases have defined the concept of integration as used in this statute; thus, an examination of the law of other jurisdictions dealing with this issue is appropriate here.

Integration is more than expanded visitation. It includes performance of normal parental duties, including washing clothes, providing meals, attending to medical needs, assisting with homework, and guiding the children physically, mentally, morally, socially, and emotionally. *See In re Marriage of Wechselberger*, 115 Ill.App.3d 779, 71 Ill.Dec. 506, 450 N.E.2d 1385 (1983). Besides involving these factors, for integration to be present the time spent by the children with the proposed custodial parent must be of sufficient duration that the children have become settled into the home of that parent as though that it were their primary home. *See In re Marriage of Paradis*, 689 P.2d 1263 (Mont.1984). Thus, if the children's ages so permit, consideration should be given to which residence they consider to be their true home. *In re Custody of Thompson*, 32 Wash.App. 418, 647 P.2d 1049 (1982). *See generally* Annot., 35 A.L.R. 4th 61 (1985).

Since the determination of integration is a question of fact, we hold that trial courts, in making those decisions, should consider the totality of the circumstances, including: the frequency, duration, and quality of the children's contacts with the custodial par-

ent and the proposed custodial parent; the identity of the person making the primary decisions with respect to health care, education, religious training, and the children's general welfare, and the opinions of the children as to which environment constitutes their "home."

Here, the trial court found that the liberalized visitation exceeded that ordered by the decree of dissolution. However, it found the increased amount of time which the children spent with their father did not, of itself, constitute integration sufficient to satisfy the requirements of § 14–10–131(2)(b), C.R.S. (1987 Repl.Vol. 6B). It concluded that the father had failed to meet his burden of proof to show that the increased visitation constituted any more than additional time spent in his home. It also found a total absence of evidence that the mother consented, either expressly or impliedly, to anything other than the increased visitation. The record amply supports these findings; thus, we will not disturb them on review. *Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

The father contends also that the trial court erred in determining that the motion was substantially frivolous and substantially groundless, and in assessing attorney fees jointly and severally against him and his attorney. We disagree.

The record fully supports the trial court's award of fees pursuant to § 14–10–119, C.R.S. (1987 Repl.Vol. 6B). That award fostered the purpose of the statute, which is to equalize the status of the parties to the proceeding. *See In re Marriage of Franks*, 189 Colo. 499, 542 P.2d 845 (1975). The father has not appealed that determination. Thus, since the father has, in essence, conceded the issues of the amount and reasonableness of the fee award under § 14–10–119, C.R.S. (1987 Repl.Vol. 6B), his argument as to the court's alternative basis for its decision is moot.

Further, the father's attorney is not a party to this appeal. Thus, we do not address that portion of the order requiring the father's attorney to be jointly and sev-

erally liable for the mother's attorney fees. *See* C.A.R. 3(a) and (c).

The father's final contention, that the trial court abused its discretion in denying his motion to modify child support, is unsupported by the record.

The mother has requested that we award her attorney fees and costs for defending this appeal, asserting that it is frivolous and groundless. Since our resolution of this dispute required that we decide an issue of first impression, we do not deem the appeal to be frivolous or groundless and, therefore, deny her request.

Order affirmed.

PIERCE and CRISWELL, JJ., concur.