[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION FOR REMOVAL OF PRO SE REPRESENTATION (107)
The plaintiff seeks to strike the appearance of Michael Creed who filed a "pro se" appearance for the defendant Res-Comm Investment Associates on the "basis that a lay member of a partnership cannot appear and represent a partnership . . ." First, there is nothing in the file (summons, complaint, sheriff's return or otherwise) to indicate that "Res-Comm Investment Associates" is a partnership. It could very well be an individual proprietorship.
Nevertheless, even if it was a partnership, of which Michael Creed is a member, surely he could file a pro se appearance to represent his own interests in that partnership. United States v. Reeves, 431 F.2d 1187, (9th Cir., 1970). "Where, as here, the liabilities of the partnership and one of its codefendant members are coterminous, the individual partners, whose personal liability is at stake, should be permitted to represent their identical interests in court." Eagle Associates v. Bank of Montreal,926 F.2d 1305, 1311 (2d Cir. 1991) (concurring, Van Graafesland, J.)
The motion to remove the appearance of the pro se Michael Creed is denied.
Robert I. Berdon, Judge CT Page 6790