**AMERICAN RESPIRATORY CARE SERVICES, Plaintiff–Appellant,**

v.

**MANAGER OF REVENUE, CITY AND COUNTY OF DENVER; Tami A. Tanou; City Attorney Stephen H. Kaplan; and City Attorney Patricia L. Wells, Defendants–Appellees.**

**No. 91CA1053.**

Colorado Court of Appeals, Div. III.

July 30, 1992.

Sabey, Epstein, Ordelheide & Smith, P.C., Melvin B. Sabey, Mark L. Sabey, Denver, for plaintiff-appellant.

Daniel E. Muse, City Atty., John L. Stoffel, Jr., Asst. City Atty., Denver, for defendants-appellees.

Opinion by Judge REED.

Plaintiff, American Respiratory Care Services, appeals from the district court's judgment in favor of the defendant, Manager of Revenue of the City and County of Denver (the City), which affirmed a use tax assessment issued by the City in the amount of $22,435.37. We reverse in part and dismiss in part.

Plaintiff is in the business of selling and renting oxygen delivery systems for therapeutic use by medical patients. Its offices are located in the City.

As part of its business, plaintiff purchases, leases, and assembles materials and products necessary to concentrate oxygen

and make it available to persons with respiratory disabilities. These materials and products supply oxygen to patients by one of three methods 1) a concentrator that withdraws gaseous oxygen from the atmosphere, 2) a cryogenic vessel known as a "dewar" for low temperature storage of liquid oxygen, and 3) cylinders by which compressed gaseous oxygen is stored. Each of these items supplies oxygen to patients through regulatory devices, tubes, masks, or tracheal devices.

Pursuant to contract, plaintiff installs the selected system for the patient at his or her home to furnish concentrated oxygen as needed in accordance with the diagnosis and prescription of the attending physician. Plaintiff does not contract or do business directly with the physician.

The Denver Department of Revenue conducted an audit during 1990, as a result of which a Notice of Determination, Assessment and Demand for payment was issued for use taxes owed for the period from February 1, 1987, to January 31, 1990. The assessment related to and was based upon the purchase or lease cost to plaintiff of these three products. Other associated products, such as masks, tubes, humidifiers, and tracheal devices were treated as exempt sales and not taxed.

Thereafter, plaintiff claimed an exemption with respect to the property in question and requested an administrative hearing before the Manager of Revenue to contest the use tax assessment pursuant to procedures set forth in the Denver Revised Municipal Code. Plaintiff based its claim for exemption upon the assertion that the use tax could not, under the plain language of Denver Revised Municipal Code § 53–97(7), be imposed upon the materials and products by which oxygen was supplied for use by a medical patient and that, thus, the cost of the concentrators, dewars, and cylinders were exempted from taxation. That claim was denied. The hearing officer issued findings of fact and entered a decision rejecting plaintiff's protest on the basis that the products in question were not exempt because the term "oxygen," as used

in the pertinent ordinance, did not relate to the *system* for delivering oxygen.

Plaintiff filed a complaint for judicial review pursuant to Denver Revised Municipal Code § 53–124 and C.R.C.P. 106 in the district court. In its complaint, plaintiff argued that the hearing officer had interpreted Denver Revised Municipal Code § 53–97(7) in an arbitrary manner, had made a determination that was not supported either by the evidence or the law, and consequently had abused her discretion.

■ Plaintiff also sought a de novo hearing, which was resisted by the City and refused by the district court. While this denial may have been in error, *see Walgreen Co. v. Charnes*, 819 P.2d 1039 (Colo. 1991), any such error has been expressly waived by plaintiff in its appeal because there are no factual disputes and the issues presented are solely questions of law.

Plaintiff also presented a second claim raising constitutional (due process) challenges based on 42 U.S.C. § 1983 (1988). This claim was asserted against the hearing officer, the acting City attorney, as well as the Manager of Revenue.

The district court affirmed the ruling of the hearing officer, rejected the § 1983 claims, and imposed sanctions against plaintiff's attorneys under C.R.C.P. 11. This appeal followed.

I.

Plaintiff contends the district court erred as a matter of law in construing the ordinance. We agree.

Denver Revised Municipal Code § 53–97(7) exempts from use taxation, the following:

The sale and purchase of drugs, prosthetic medical and dental appliances, and special beds for patients with neuromuscular or similar debilitating ailments, when sold for the direct, personal use of a specific individual in accordance with a prescription or other written directive issued by a licensed practitioner of medicine, dentistry, or podiatry; corrective eyeglass lenses (including eyeglass frames), and corrective contact lenses,

when sold for the direct, personal use of a specific individual in accordance with a prescription or other written directive issued by a licensed practitioner of medicine or optometry; wheelchairs and crutches, when sold for the direct, personal use of a specific individual; *oxygen and hemodialysis products for use by a medical patient,* hearing aids, hearing aid batteries, insulin, insulin measuring and injecting devices, glucose to be used for treatment of insulin reactions, and human whole blood, plasma, blood products and derivatives. This exemption excludes items purchased for use by medical and dental practitioners or medical facilities in providing their services, even though certain of those items may be packaged for single use by individual patients after which the item would be discarded. (emphasis supplied)

The district court found there was competent evidence in the record to support the Manager's findings and likewise determined that the phrase "oxygen and hemodialysis products" exempted only the oxygen itself and not the physical components of the delivery system. Reasoning that the ordinance was required to be construed in favor of the taxing power, the court also determined that the hearing officer did not abuse her discretion in interpreting its language so that the oxygen delivery system would be subject to the use tax. Consequently, the district court rejected the construction urged by plaintiff and concluded that the term "products" was to be applied only to the immediately preceding word, "hemodialysis," and was not to be construed as extending to the other antecedent term "oxygen."

The only issue here is the correct interpretation of the phrase "oxygen and hemodialysis products" in the ordinance. It is plaintiff's contention that under the applicable rules of construction, the word "products" is modified by both the terms "hemodialysis," and "oxygen." Therefore, an exemption from the use tax is allowable for oxygen products. It is defendants' position, of course, that the term "products" is modified only by "hemodialysis" and has no reference to the word "oxygen." There-

fore, it argues that there is no exception for use taxes on any type of oxygen delivery system components.

■ Interpretation or construction of a statute is a question of law and the primary objective is to ascertain the intent of the General Assembly from the language used, and give effect to that intent if possible. *See Stephen v. City & County of Denver,* 659 P.2d 666 (Colo.1983). In doing so, courts are to interpret words and phrases of the statute according to the context and the plain and ordinary meaning of the language used. *Griffin v. S.W. Devanney & Co.,* 775 P.2d 555 (Colo.1989).

Furthermore, courts are to presume that, in enacting a statute, the General Assembly intended to achieve a just and reasonable result, and any construction which defeats such intent or leads to an absurd result will not be followed. Section 2–4–201(1)(c), C.R.S. (Repl.Vol. 1B 1980); *Dye Construction Co. v. Dolan,* 41 Colo.App. 293, 589 P.2d 497 (1978).

■ These principles are equally applicable in the interpretation or construction of municipal ordinances. 1A N. Singer, *Sutherland Statutory Construction* § 30.06 (4th ed. 1985); *see also Associated Dry Goods v. Arvada,* 197 Colo. 491, 593 P.2d 1375 (1979).

■ We recognize that provisions for exemption from taxation are to be strictly construed against the taxpayer. *Security Life & Accident Co. v. Heckers,* 177 Colo. 455, 495 P.2d 225 (1972). However, we find that the district court has construed the applicable language of the ordinance at issue too narrowly and that its construction conflicts with the ordinary sense of the language used. In our view, the structure and language of the ordinance provision supports plaintiff's construction. To us, it appears clear that the products supplied by plaintiff were of a kind intended to be exempt from use taxation, and we see nothing in the ordinance which suggests otherwise.

■ From the context of the clause "oxygen and hemodialysis products," it is evi-

dent that the noun "product" is described by both antecedents "oxygen" and "hemodialysis." Moreover, we note that the "last antecedent rule," relied upon by defendants, has been disavowed by the General Assembly as not creating any presumption of statutory intent. Section 2–4–214, C.R.S. (1991 Cum.Supp.); *Danielson v. Castle Meadows, Inc.*, 791 P.2d 1106 (Colo. 1990).

It is obvious from the language employed throughout the ordinance that the provision under scrutiny imports an exemption from taxation for use of any oxygen products which are necessary to provide relief to medical patients. Such an interpretation is in keeping with the grammatical structure of the ordinance and harmonizes each conjunctive phrase describing exempt uses.

We can see no reason why the Denver City Council would have intended such a lack of consistency as to have some terms extend to the immediately preceding antecedent and not others. To interpret the ordinance that way would clearly lead to absurd results as the plaintiff in its brief so cogently observes.

We further reject defendants' argument that the exemption was not applicable because of the final sentence of the ordinance relating to items purchased for use by medical practitioners or medical facilities. We do so because we find no evidentiary support in the record for this conclusion.

Accordingly, we conclude that the district court did not properly construe the ordinance.

II.

 Plaintiff also purports to appeal the C.R.C.P. 11 sanctions awarded against its attorneys in connection with the claim for relief under 42 U.S.C. § 1983. However, the attorneys are the real parties in interest because the sanctions were imposed against them, and so would have had to file a separate notice of appeal in this case to preserve the issue for our review. They did not do that. Therefore, we have no jurisdiction to decide whether the trial court properly imposed C.R.C.P. 11 sanctions. *See* C.A.R. 3(a) and (c); *In re Marriage of Pontius*, 761 P.2d 247 (Colo.App. 1988).

The district court's judgment affirming the hearing officer's determination is reversed, and the cause is remanded with directions to vacate the assessment. That part of the appeal challenging the sanctions against plaintiff's attorneys is dismissed.

METZGER and MARQUEZ, JJ., concur.