Rebecca **BRADLEY**, Petitioner,

v.

The **INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO; William R. Fisher; Darwin C. Metzger Trucking Co.; and Colorado Compensation Insurance Authority,** Respondents.

No. 91CA1508.

Colorado Court of Appeals,
Div. III.

Oct. 22, 1992.

———————

Suzanne Harvey Lynch, Denver, for petitioner.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., and John R. Parsons, Asst. Atty. Gen., Denver, for respondent Indus. Claim Appeals Office.

No appearance for respondent William R. Fisher.

Carolyn A. Boyd, Denver, for respondents Darwin C. Metzger Trucking Co. and Colorado Compensation Ins. Authority.

Opinion by Judge METZGER.

Rebecca Bradley, the attorney of record for a claimant in proceedings under the Colorado Workers' Compensation Act, appeals from an order of the Industrial Claim Appeals Panel denying an award for attorney fees. We set aside the order and remand the cause with directions.

Bradley filed a notice of attorney lien and application for hearing to determine the reasonableness of her attorney fees under Colo.Sess.Laws 1990, ch. 62, § 8–43–403 at 513, then in effect. The Administrative Law Judge (ALJ) issued an order to show cause why the requested fee should not be awarded and paid from the claimant's future benefits.

The insurer, Colorado Compensation Insurance Authority (CCIA), filed a timely response to application, asserting, in general terms, that the claimant's future compensation benefits should be exempt from payment of Bradley's attorney fee. However, neither the claimant nor the employer nor the CCIA entered an appearance at the scheduled hearing.

The ALJ awarded Bradley an attorney fee, and ordered that amount to be deducted from any future benefits paid to the claimant by CCIA. The claimant did not seek review of the ALJ's order before the

Panel and has not entered an appearance in this court.

CCIA filed a timely petition for review of the ALJ's order, specifically asserting for the first time that the award violated the statutory exemption of workers' compensation benefits from levy, attachment, and execution. Section 8–42–124(1), C.R.S. (1992 Cum.Supp.).

The Panel agreed with CCIA that the attorney fee award violated § 8–42–124(1) and reversed the award.

 On review, Bradley argues the Panel erred in reversing the award on CCIA's petition because CCIA lacked standing to challenge the attorney fee award. Under the unique facts of this case, we agree.

Standing is a jurisdictional issue which can be raised at any stage of an action, including the appeal. *In re A.H. Robins Co.*, 681 P.2d 540 (Colo.App.1984).

The review procedures found in the Workers' Compensation Act are complete and definite and constitute an organic act which is self-operational without the need of supplementation. *Maxon v. Industrial Commission*, 40 Colo.App. 196, 571 P.2d 319 (1977). As pertinent here, those procedures are found at Colo.Sess.Laws 1990, ch. 62, § 8–43–301 at 507 which provides:

Any party dissatisfied with an order which requires any party to pay a penalty or benefits or denies a claimant any benefit or penalty may file a petition to review with the director, if the order was entered by the director, or with the administrative law judge at the place indicated in the order....

Essentially, the CCIA argues that, because it was initially a party to the underlying proceedings, it has standing to seek review of any order by an ALJ dealing with any issue arising out of the claim. We disagree.

The right to request review of an ALJ's order arises under the statute only when a party is dissatisfied with an order which requires a party to pay a penalty or bene-

fits. Here, the ALJ's determination as to the award of attorney fees did not impose a penalty upon CCIA, did not assess any additional benefits nor deny any benefit to the claimant or place additional liability on CCIA.

Therefore, while CCIA may be a dissatisfied party, the ALJ's order did not require it to pay a penalty or benefits. Rather, the order constitutes a redistribution of existing benefits. *See Berry Properties v. City of Commerce City*, 667 P.2d 247 (Colo.App. 1983) (when statute creates a cause of action and designates those who may sue under it, none except those designated may sue).

■ Our reading and construction of the statute is consistent with established common-law standing principles. To have standing, a litigant must have both an injury in fact and a cognizable legal right. *O'Bryant v. Colorado Public Utilities Commission*, 778 P.2d 648 (Colo.1989).

CCIA has failed to demonstrate what injury to it would occur if the ALJ's order were effectuated. Here, it is undisputed that payment to Bradley will be deducted as a percentage of the claimant's future benefits and will not constitute an additional liability to CCIA. There is nothing in the record or the briefs which otherwise suggests an adverse effect on the carrier. CCIA has also failed to show that it has an interest which, as a matter of law, is entitled to legal protection under the provisions of § 8–42–124. Thus, the lack of actual injury to CCIA obviates the necessity of reaching the second prong of the standing inquiry. *See State v. Colorado State Personnel Board*, 722 P.2d 1012 (Colo.1986).

Other jurisdictions have also determined that, in a workers' compensation proceeding, the employer or insurer is without standing to challenge an award of attorney fees that are to be apportioned from the benefits awarded the injured worker. *See Rush v. Heflin*, 411 So.2d 1295 (Ala.Civ. App.1982) (holding that only attorney and injured employee have standing to contest award of fees because employee must bear the whole fee of compensation awarded); *Commonwealth v. Combs*, 357 S.W.2d 316 (Ky.1962) (employer has no right to appeal amount or nature of payment of attorney fees); *see also* 3 A. Larson, *Workmen's Compensation Law* § 83.13(h) (1989) (when the claimant's attorney fee is deducted from the compensation award, the fee is a matter between the claimant, his attorney, and the Commission, and does not concern the employer).

Accordingly, the Panel's order is set aside, and the cause is remanded with directions to reinstate the ALJ's order.

REED and MARQUEZ, JJ., concur.