Roger MAUL and Debra Maul,
Plaintiffs–Appellants,

v.

Mike SHAW and David Shaw,
Defendants–Appellees.

No. 91CA0516.

Colorado Court of Appeals,
Div. II.

Nov. 19, 1992.

Kramlich & Anderson, P.C., Mark N. Tschetter, Denver, for plaintiffs-appellants.

Anderson & Goodwin, P.C., G. Raymond Goodwin, Denver, for defendants-appellees.

Opinion by Judge RULAND.

Plaintiffs, Roger and Debra Maul, appeal that part of the trial court judgment assessing attorney fees against them and their attorney and in favor of defendants, Mike and David Shaw. We dismiss the appeal as to plaintiffs' attorney, reverse the judgment against plaintiffs, and remand the cause with directions.

In 1989, Discovery Homes, Ltd., entered into a contract and agreed to construct a residence for plaintiffs. Plaintiffs were dissatisfied with the house after it had been completed, and in July 1990, they commenced this action asserting claims against Discovery Homes and its president, Gary Shaw, for breach of contract, breach of warranty, and misrepresentation.

Plaintiffs also asserted a claim alleging that Shaw had fraudulently conveyed his home to his mother for the purpose of evading the creditors of Discovery Homes. In addition, plaintiffs asserted a claim against Discovery Homes, Shaw, and Shaw's two teen-age sons, alleging that these defendants had negligently constructed a rock retaining wall on plaintiffs' property.

Several months later, plaintiffs amended their complaint to include Shaw's wife and mother as defendants and to add claims for breach of fiduciary duty, breach of statutory trust, and punitive damages.

Defendants moved to dismiss a number of the claims asserted in the amended complaint. The trial court granted the motion in part, and dismissed the claims for misrepresentation, breach of statutory trust, breach of fiduciary duty, and punitive damages.

At the conclusion of plaintiffs' case at trial, defendants moved for dismissal of the remaining claims. The trial court concluded that the evidence was insufficient to justify piercing the corporate veil to hold Mr. Shaw individually liable on any of the claims. The court also concluded that plaintiffs had failed to present sufficient evidence to sustain their claims for fraudulent conveyance of the Shaw's residence. In addition, the court dismissed the claim against Shaw's sons concerning the negligent construction of the rock wall.

The case then proceeded on plaintiffs' claims for breach of contract and breach of warranty. At the conclusion of trial the court entered judgment against Discovery Homes and awarded plaintiffs $5,929. The court also ruled that the assertion of the negligence claim against Shaw's sons was frivolous and groundless and also in violation of C.R.C.P. 11.

The court ordered defense counsel to file an affidavit indicating fees incurred to defend Shaw's sons. The court noted that if an objection was filed by plaintiffs, a hearing would be conducted.

Defendants' attorney subsequently filed a statement of the hours and fees involved in the case. Plaintiffs filed a written objection. The court entered a supplemental judgment against plaintiffs and their attorney for $1,000 without a hearing.

On appeal, plaintiffs contend the trial court erred in determining that the assertion of the negligence claim against Shaw's sons violated C.R.C.P. 11 or that an award of fees was warranted under § 13–17–102, C.R.S. (1987 Repl.Vol. 6A). Plaintiffs also assert that the trial court erred in failing to conduct a hearing or issue specific findings of fact regarding defendants' request for sanctions. Plaintiffs additionally argue that the evidence presented in support of defendants' motion was insufficient to justify the amount of attorney fees awarded by the trial court.

I

C.R.C.P. 11 provides in pertinent part as follows:

Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name.... The signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry, it is well grounded in fact and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of the litigation.... If a pleading is signed in violation of this Rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee.

The revised version of C.R.C.P. 11 is modeled after Fed.R.Civ.P. 11, which was amended in 1983. Because there are no prior Colorado appellate decisions to guide us relative to an award of fees against a party and because C.R.C.P. 11 and Fed. R.Civ.P. 11 are essentially identical, it is appropriate for us to look to federal decisional law for guidance in construing C.R.C.P. 11. *See Harding Glass Co. v. Jones,* 640 P.2d 1123 (Colo.1982).

■ C.R.C.P. 11 imposes the following independent duties on an attorney or a litigant who signs a pleading: (1) before a pleading is filed, there must be a reasonable inquiry into the facts and the law; (2) based on this investigation, the signer must reasonably believe that the pleading is "well grounded in fact"; (3) the legal theory asserted in the pleading must be based on existing legal principles or a "good faith argument" for the modification of existing law; and (4) the pleading must not be filed for the purpose of causing delay, harassment, or an increase in the cost of litiga-

tion. *See Henry v. Kemp,* 829 P.2d 505 (Colo.App.1992).

Defendants do not dispute that the claim asserted against Shaw's sons was adequately supported by existing legal principles. In order to recover under their theory of liability, however, plaintiffs concede that they were required to establish that Shaw's sons were individually responsible for the alleged defects in the construction of the rock wall. *See Cosmopolitan Homes, Inc. v. Weller,* 663 P.2d 1041 (Colo. 1983). As the trial court concluded, and we agree, no evidence was introduced to establish any liability on the part of the sons.

Plaintiffs called only two witnesses on this issue. The first could state only that she observed two young men working on the wall. The second, called after the claim was dismissed, testified that he observed Shaw's sons assisting their father during the construction of the rock wall. Neither witness, however, was able to establish the extent of the sons' involvement in the project, and they failed to indicate whether the sons' activities were in any way related to the eventual collapse of the wall. *See Widefield Homes, Inc. v. Griego,* 160 Colo. 225, 416 P.2d 365 (1966); *Camacho v. Mennonite Board of Missions,* 703 P.2d 598 (Colo.App.1985).

■ Notwithstanding this evidentiary deficiency, we are unable to conclude that any violation of C.R.C.P. 11 by plaintiffs was established.

Plaintiffs did not verify either the original or amended complaints. *See Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.,* 498 U.S. ——, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991) (imposing Fed.R.Civ.P. 11 attorney fee sanction on sophisticated business corporation whose officer verified application for temporary restraining order); *cf. Pavelic & LeFlore v. Marvel Entertainment Group,* 493 U.S. 120, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989) (only the person signing or verifying a pleading bears sanction responsibility for violation of Fed.R.Civ.P. 11 absent proof of other conduct proscribed by the rule.).

Conversely, the record reflects that some discovery had been completed as of the date that the amended complaint was filed, and a subsequent disclosure statement identified a number of witnesses designated to testify concerning the sons' involvement in constructing the retaining wall. However, the record fails to confirm that plaintiffs individually conducted any investigation of this issue or that they prevailed upon counsel to name these parties for the purpose of harassment, delay, or cost of litigation.

■ In summary, to warrant the trial court's exercise of discretion in ordering sanctions against a client under C.R.C.P. 11, the trial court must find and the record must confirm some nexus between the proscribed conduct and a specific undertaking by or knowledge of the client that the rule is being violated. *See Burda v. M. Ecker Co.,* 954 F.2d 434 (7th Cir.1992) (sanctions not warranted when client only a nominal party in dispute between counsel and defendant); *White v. General Motors Corp.,* 908 F.2d 675 (10th Cir.1990) (where no pleadings have been signed by the client, imposition of sanctions requires a specific finding that the client was aware of the wrong doing); *Chevron U.S.A., Inc. v. Hand,* 763 F.2d 1184 (10th Cir.1985) (sanctions warranted where record confirms that client was the "catalyst" behind the filing of a frivolous motion).

## II

We next address the award of fees against plaintiffs on the basis that the claims were frivolous or groundless. We conclude that this award must be reversed, and the cause remanded for further proceedings.

■ To the extent that the award was based upon § 13–17–102, C.R.S. (1987 Repl. Vol. 6A), the requisite findings required by § 13–17–103, C.R.S. (1987 Repl.Vol. 6A) were not made. In addition, a hearing was not conducted, notwithstanding the fact that the court correctly noted that a hearing would be conducted if any objection to an award of fees was filed and plaintiffs objected. *See Irwin v. Elam Construction, Inc.,* 793 P.2d 609 (Colo.App.1990).

Contrary to defendants' contention, in view of the court's comment that a hearing would be conducted if an objection to the fees was filed, we view a specific request for a hearing in the written objection as unnecessary.

### III

To the extent that the award of fees was imposed upon counsel for plaintiffs, we must dismiss the appeal.

 When sanctions have been imposed against a litigant's attorney, the attorney is a real party in interest and must appeal in his or her own name.

Because plaintiffs' attorney has not filed a separate notice of appeal, and because plaintiffs' notice of appeal did not name the attorney as an appellant, we are jurisdictionally barred from deciding whether the trial court abused its discretion in imposing sanctions against the attorney. *See* C.A.R. 3(a) and (c); *In re Marriage of Pontius*, 761 P.2d 247 (Colo. App.1988).

Defendants' request for sanctions pursuant to C.A.R. 38(d) is denied.

The appeal of the assessment of attorney fees against plaintiffs' attorney is dismissed. The remainder of the trial court's award of attorney fees is reversed, and the cause is remanded for further proceedings consistent with this opinion.

PIERCE and REED, JJ., concur.