Karen ADAMS, Petitioner,

v.

NEOPLAN U.S.A. CORPORATION, Allianz Insurance Company, and the Industrial Claim Appeals Office of the State of Colorado, Respondents.

No. 92CA1595.

Colorado Court of Appeals, Div. IV.

Aug. 19, 1993.

Rehearing Denied Sept. 30, 1993.

John Gehlhausen, P.C., Darla Scranton Specht, Lamar, for petitioner.

Clifton, Hook & Bovarnick, P.C., Richard A. Bovarnick, Denver, for respondents Neoplan U.S.A. Corp. and Allianz Ins. Co.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John D. Baird, Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office.

Opinion by Judge RULAND.

In this workers' compensation case, claimant, Karen Adams, seeks review of a final order of the Industrial Claim Appeals Panel reversing that part of the order of the Administrative Law Judge (ALJ) assessing attorney fees and costs for a frivolous and groundless defense against the attorney for respondents, Neoplan U.S.A. Corporation and Allianz Insurance Company. We set aside the Panel's order and remand with directions to reinstate the order of the ALJ.

After the hearing to determine compensability, the ALJ concluded that attorney fees and costs could be awarded under § 8–43–216, C.R.S. (1992 Cum.Supp.). He also determined that respondents' denial of the claim was substantially groundless and frivolous and therefore concluded that claimant was entitled to an award. He assessed attorney fees of $13,815 and costs of $1,641 against respondents' attorney.

Respondents filed a petition for review with the Panel, and claimant responded contending that respondents had no standing to challenge an award entered against their attorney. However, the Panel construed the petition as being filed on behalf of the attorney, and therefore, rejected claimant's argument.

In addition, based upon the fact that claimant's injury occurred prior to July 1, 1991, and, relying on *Martinez v. Regional Transportation District*, 832 P.2d 1060 (Colo.App. 1992), the Panel determined that § 8–43–216 is applicable only to claims in which the

injury occurred on or after July 1, 1991. Accordingly, the Panel concluded that the ALJ lacked authority to award fees and costs.

## I

In her petition for review to this court, claimant first argues that respondents have no liability for the award of attorney fees and costs, and that, therefore, they did not have a legally protected or cognizable interest sufficient to warrant review by the Panel. We agree.

■ Standing to challenge the order of an adjudicative tribunal is a jurisdictional prerequisite to review or appeal of that order. See O'Bryant v. Public Utilities Commission, 778 P.2d 648 (Colo.1989); In re Trust of Malone, 658 P.2d 284 (Colo.App.1982).

■ Based upon this court's analysis in Bradley v. Industrial Claim Appeals Office, 841 P.2d 1071 (Colo.App.1992), we conclude that respondents had no standing to seek review of the ALJ's order here.

In Bradley, the claimant's attorney filed a notice of lien and an application to determine the reasonableness of the fees incurred by claimant in a workers' compensation proceeding. The employer's insurer responded that the benefits paid to claimant should be exempt from any such claim. The ALJ awarded the requested fees and directed that those fees be deducted from future benefits. The insurer then filed a timely petition for review, and the Panel reversed the ALJ's order.

In concluding that the insurer had no standing to challenge the ALJ's order, this court stated:

> The right to request review of an ALJ's order arises under the statute only when a party is dissatisfied with an order which requires a party to pay a penalty or benefits. Here, the ALJ's determination ... did not impose a penalty upon [the insurer], did not assess any additional benefits nor ... place additional liability on [the insurer].

Bradley v. Industrial Claim Appeals Office, 841 P.2d at 1072-73.

Similarly, the order here imposes no obligation upon respondents to pay any penalty or benefits. Hence, they lack the requisite standing to challenge the award.

## II

We also agree with claimant's contention that the Panel erred in construing the petition for review as having been filed on behalf of the attorney.

■ Generally, either an attorney or a witness who seeks to challenge an award of fees, or to contend that certain fees should be awarded, may intervene in a case and assert that claim on appeal. See Bye v. District Court, 701 P.2d 56, 61 n. 10 (Colo.1985); Roberts–Henry v. Richter, 802 P.2d 1159 (Colo.App.1990). The rationale justifying the appeal is that a non-party has been aggrieved by the adjudication. See Miller v. Clark, 144 Colo. 431, 356 P.2d 965 (1960).

■ However, in order to appeal, an attorney must either file a separate notice of appeal or be added as an appellant to the client's notice of appeal. American Respiratory Care Services v. Manager of Revenue, 835 P.2d 623 (Colo.App.1992); In re Marriage of Pontius, 761 P.2d 247 (Colo.App. 1988). The basis for the requirement is that in order to create a justiciable controversy, it must appear that there are adverse parties, i.e., a party seeking to establish a right and a party against whom the right is asserted. See Barker v. District Court, 199 Colo. 416, 609 P.2d 628 (1980). And, the party who seeks to overturn the adjudication of that right must be the real party in interest. Maul v. Shaw, 843 P.2d 139 (Colo.App.1992); Little v. Fellman, 837 P.2d 197 (Colo.App. 1991); In re Trust of Malone, supra.

Here, the petition for review states:

Respondents, through their attorneys, petition Administrative Law Judge ... to review his order of April 9, 1992 [awarding fees and costs].... (emphasis supplied)

The petition for review concludes:

For the Foregoing Reasons, respondents request that the Administrative Law Judge enter a supplemental order reversing his order.... (emphasis supplied)

Thus, the petition unambiguously provides that respondents, not counsel, challenge the award. Were we to construe it otherwise, the effect would necessarily be to allow named parties without standing to assert the rights of any other non-party adversely affected by a ruling.

The order of the panel is set aside, and the cause is remanded with directions to enter an order reinstating the ALJ's order.

CRISWELL and PLANK, JJ., concur.