E & A ASSOCIATES, a Colorado General Partnership, Plaintiff–Appellant,

v.

FIRST NATIONAL BANK OF DENVER, a National Banking Association, Defendant–Appellee.

No. 93CA1922

Colorado Court of Appeals, Div. V.

Nov. 3, 1994.

Rehearing Denied Dec. 8, 1994.

Certiorari Denied July 31, 1995.

**244**

John P. Dikeou and Joseph F. Colantuno, pro se.

Ballard Spahr Andrews & Ingersoll, Roger P. Thomasch, Leslie A. Eaton, Denver, for defendant-appellee.

Opinion by Judge RULAND.

In this proceeding to collect rents allegedly due under a written lease, plaintiff, E & A Associates, a Colorado general partnership, appeals the dismissal of its complaint against defendant, First National Bank of Denver, a national banking association. We dismiss the appeal.

The record reflects that a majority of the E & A partners, by percentage ownership, consented to the commencement of this action against defendant on behalf of E & A by two of its general partners, Joseph F. Colantuno and John P. Dikeou. Colantuno is an attorney licensed to practice in Colorado, but it does not appear from the record that Dikeou is.

At the time the complaint was filed, E & A was represented by counsel consisting of Colantuno and his law firm. However, Colantuno and his law firm were later disqualified by the trial court from representing E & A because of their previous representation of the defendant. Neither Colantuno nor his law firm appeals the disqualification order.

Following the disqualification, defendant filed a motion to dismiss E & A's complaint, which the trial court ultimately granted. Colantuno and Dikeou filed a notice of appeal from that order on behalf of E & A, and defendant now contends that they lack standing to pursue this appeal either on behalf of E & A or on their own behalf as general partners of E & A.

I

Because standing is a jurisdictional prerequisite to any appeal, we must first address defendant's contention. *See O'Bryant v. Public Utilities Commission,* 778 P.2d 648 (Colo.1989); *Adams v. Neoplan U.S.A. Corp.,* 881 P.2d 373 (Colo.App.1993).

In addressing this issue, both parties rely upon the opinion of a division of this court in *Watt, Tieder, Killian & Hoffar v. United States Fidelity & Guaranty Co.,* 847 P.2d 170 (Colo.App.1992) as support for their respective positions. Defendant reads that opinion as holding that E & A could pursue this appeal only if the partnership were represented by licensed counsel or if all the partners were named and appeared as *pro se* parties.

Colantuno and Dikeou assert, on the other hand, that because the division in *Watt* concluded that a partnership is not a legal entity, any general partner may appear *pro se* to pursue a partnership claim because each partner is personally liable for the partnership debt. We conclude that *Watt* does not resolve the issue before us.

*Watt* involved a law firm conducting business as a Virginia general partnership which had filed an interpleader action in Colorado

without engaging the services of a licensed Colorado attorney. The basis for the complaint was that various persons and entities claimed entitlement to certain funds which the law firm held in its trust account as an escrow agent. The trial court held the law firm and the partners who signed the pleadings in punitive contempt for the unauthorized practice of law. On appeal, the *Watt* court reversed the contempt judgment and remanded for further proceedings.

The division in *Watt* emphasized in the opinion that neither the law firm nor the partners who signed the pleadings claimed any interest in the funds and that neither the firm nor the partners purported to represent any person or entity claiming any interest in those funds. The court held that acting in a representative capacity for another person or entity was the initial inquiry for resolution in determining whether any unauthorized legal practice had taken place.

The *Watt* court also held that the Virginia partnership was not a separate legal entity under either Virginia or Colorado law. As a result, the trial court was directed to reconsider whether the partnership could be deemed to be conducting the unauthorized practice of law. However, unlike *Watt,* in this case Colantuno and Dikeou appear for the purpose of recovering funds allegedly due the partnership, and we must determine whether they may do so without licensed counsel.

As pertinent here, § 12–5–101, C.R.S. (1991 Repl Vol. 5A) provides that an individual may not appear as counsel for another entity in any court of record in this state without being licensed as an attorney by our supreme court. *See also Unauthorized Practice of Law Committee v. Grimes,* 654 P.2d 822 (Colo.1982). In this regard, an entity includes both corporations and partnerships. *See* C.R.C.P. 201.3(2)(b).

The General Assembly has adopted one exception to this requirement for courts of record which relates to closely held corporations. *See* § 13–1–127(2), C.R.S. (1994 Cum. Supp.) (closely held corporation may appear by one of its officers before any court of record or before an agency if the amount in controversy does not exceed $10,000). With

reference to partnerships, however, the General Assembly has authorized a partner to appear on behalf of a partnership only in the small claims court. *See* § 13–6–407(2), C.R.S. (1994 Cum.Supp.).

■ Consistent with this implicit recognition by the General Assembly that a general partnership is a separate legal entity for purposes of litigation in our state courts, it has adopted a number of provisions since the Uniform Partnership Act was first adopted in 1931 characterizing a partnership in that capacity. *See* § 10–11–116(2), C.R.S. (1994 Repl.Vol. 4A) (partnership designated as legal entity requiring license to issue title insurance); § 15–10–201(30), C.R.S. (1994 Cum.Supp.) (partnership designated as legal entity for purposes of defining an "organization" under the Uniform Probate Code); § 24–113–102(4), C.R.S. (1994 Cum.Supp.) (partnership designated as legal entity for purposes of defining "private enterprise" under act addressing government competition with private enterprise); and § 25–7–122.1(5)(a), C.R.S. (1994 Cum.Supp.) ("Organization" refers to a legal entity including a partnership for purposes of any violation of the Air Quality Act.). We view these enactments as supporting the conclusion that a partnership must be considered as an entity separate and apart from the general partners for purposes of defining parties who may appear for others in courts of record.

■ To the extent that Colantuno and Dikeou rely upon the citation in *Watt, supra,* to *United States v. Reeves,* 431 F.2d 1187 (9th Cir.1970) for the proposition that any partner who is a natural person may appear on his or her own behalf in litigation affecting the partnership, we note that the *Reeves* holding was disapproved after *Watt* was announced, in *Rowland v. California Men's Colony,* 506 U.S. ——, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993). There, the Supreme Court referenced a long-standing interpretation of 28 U.S.C. § 1654 (1988) which provides that "parties may plead and conduct their own cases personally or by counsel." The Court noted that this provision does not allow corporations or general partnerships to appear

in federal court otherwise than through a licensed attorney.

Accordingly, we conclude that E & A may not appear on this appeal represented by general partners appearing *pro se* to assert a claim for damages on behalf of the partnership. To conclude otherwise, in our view, would undermine the basic precept contained in § 12–5–101 that an individual may not appear in a representative capacity in a Colorado court of record to pursue or defend the claim of another entity unless he or she is a licensed Colorado attorney. To the extent that Colantuno and Dikeou read *Watt* to be inconsistent with the result we reach here, we decline to follow *Watt.*

## II

Insofar as Colantuno and Dikeou seek to represent their interests as individual partners in E & A, we again conclude that the appeal must be dismissed.

■ We recognize that a general partner designated as a party in litigation may pursue the appeal of an order against the partnership under circumstances in which personal liability has been established. *See Bush v. Winker,* 892 P.2d 328 (Colo.App. 1994). However, in order to appeal, the aggrieved partner must either file a separate notice of appeal or be added as an appellant to the partnership's notice of appeal. *See Adams v. Neoplan U.S.A. Corp., supra; American Respiratory Care Services v. Manager of Revenue,* 835 P.2d 623 (Colo. App.1992).

Here, neither Colantuno nor Dikeou filed a separate notice of appeal on his own behalf and neither was added as a named individual appellant to E & A's notice of appeal. Hence, even if we assume that these partners were aggrieved in their individual capacities by the court's ruling, we conclude that they have failed to comply with the applicable appellate rule for pursuing this appeal. *See American Respiratory Care Services v. Manager of Revenue, supra.*

## III

Defendant has requested that we award its costs and expenses, including attorney fees

incurred on appeal pursuant to C.A.R. 38(d). We do not view this appeal as frivolous and thus decline to do so.

The appeal is dismissed.

BRIGGS and TAUBMAN, JJ., concur.