Sean ANGLUM, on behalf of himself and all others similarly situated; and Gwen Anglum, on behalf of herself and all others similarly situated, Plaintiffs–Appellants,

v.

USAA CASUALTY INSURANCE COMPANY, a Texas corporation, Defendant–Appellee.

No. 04CA0239.

Colorado Court of Appeals, Div. III.

May 3, 2007.

See also 101 P.3d 1103 and 119 P.3d 1058.

The Carey Law Firm, Robert B. Carey, Megan E. Waples, Leif Garrison, Colorado Springs, Colorado; Hagens Berman L.L.P., Steve W. Berman, R. Brent Walton, Seattle, Washington, for Plaintiffs–Appellants.

Weinberger & Serruto, P.C., James D. Johnson, Denver, Colorado; Johnson & Ayd, P.C., Patricia M. Ayd, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge WEBB.

In this insurance coverage case, plaintiffs, Sean Anglum and Gwen Anglum, appeal the portion of the trial court's judgment awarding attorney fees against their attorneys and in favor of defendant, USAA Casualty Insurance Company. We conclude that because attorney fees were not awarded jointly and severally, plaintiffs lack standing, and therefore we dismiss this appeal for lack of jurisdiction.

## I.

Plaintiffs' suit against defendant was dismissed for failure to state a claim under C.R.C.P. 12(b)(5). The trial court awarded defendant all its attorney fees against plaintiffs' attorneys under § 13–17–101, et seq., C.R.S.2006, concluding that the coverage claim was substantially groundless. It also awarded costs against plaintiffs.

Plaintiffs separately appealed both the attorney fees award and the dismissal, but not the bill of costs. Plaintiffs' attorneys did not file their own notice of appeal of the fees award and were not named in plaintiffs' notice of appeal. The attorney fees appeal was stayed pending resolution of the dismissal appeal.

A division of this court reversed the dismissal order. *Anglum v. USAA Prop. & Cas. Ins. Co.*, 101 P.3d 1103 (Colo.App.2004) (*Anglum I* ). The supreme court reinstated the dismissal. *USAA Cas. Ins. Co. v. Ang-*

*lum*, 119 P.3d 1058 (Colo.2005) (*Anglum II*). We now consider the attorney fees appeal.

## II.

Defendant contends plaintiffs lack standing to pursue this appeal because attorney fees were awarded only against their attorneys, but the attorneys did not appeal in their own name. We agree.

 Standing "is a jurisdictional prerequisite to review or appeal of [an attorney fees] order." *Adams v. Neoplan U.S.A. Corp.*, 881 P.2d 373, 374 (Colo.App.1993). Generally, to have standing to appeal such an award against an attorney, the attorney "must either file a separate notice of appeal or be added as an appellant to the client's notice of appeal." *Adams v. Neoplan U.S.A. Corp., supra*, 881 P.2d at 374; *see also Colo. Motor Vehicle Dealer Licensing Bd. v. Northglenn Dodge, Inc.*, 972 P.2d 707, 717 (Colo.App.1998); *Am. Respiratory Care Servs. v. Manager of Revenue*, 835 P.2d 623, 626 (Colo.App.1992); *In re Marriage of Pontius*, 761 P.2d 247, 250 (Colo.App.1988).

In other words, "the party who seeks to overturn the adjudication of that right must be the real party in interest." *Adams v. Neoplan U.S.A. Corp., supra*, 881 P.2d at 374. To conclude otherwise would "allow named parties without standing to assert the rights of any other nonparty adversely affected by a ruling." *Adams v. Neoplan U.S.A. Corp., supra*, 881 P.2d at 375.

In *Maul v. Shaw*, 843 P.2d 139 (Colo.App. 1992), the division applied this standing requirement to deny an attorney relief, although the client obtained reversal of a joint and several attorney fees award, because the attorney had not filed a separate notice of appeal.

Plaintiffs contend, defendant concedes, and we agree that *Maul* was impliedly overruled by the Colorado Supreme Court in *Cruz v. Benine*, 984 P.2d 1173 (Colo.1999). *See Elrick v. Merrill*, 10 P.3d 689, 698–99 (Colo.App.2000)(treating *Maul* as implicitly overruled).

On this basis, plaintiffs argue first that reversal of the dismissal in *Anglum I* proves that the coverage claim did not lack substantial justification, and therefore, their attorneys are entitled to the benefit of the reversal.

 Assuming, without deciding, that *Anglum I* precludes the attorney fees award on the basis entered by the trial court, we do not agree that the implied overruling of *Maul v. Shaw* undercuts the rule of cases such as *Adams v. Neoplan U.S.A. Corp.*, where, as here, fees were awarded only against the attorneys. *Maul* is distinguishable because it involved a judgment for attorney fees against both attorney and client.

In *Cruz v. Benine*, a case where counsel benefited from the reversal of the trial court's attorney fees award, the supreme court stated:

> With respect to the petitioners' counsel, however, the court of appeals dismissed his appeal, concluding that it was without jurisdiction because petitioners' counsel "was not named in the notice of appeal as an appellant and ... did not file a separate notice of appeal." *See also* C.A.R. 3(a); *Maul v. Shaw*, [*supra*, 843 P.2d at 143].
>
> Given our holding that the petitioners' claims were not entirely barred under the doctrine of claim preclusion, [petitioners'] claims did not lack "substantial justification" as that term is used in section 1317102(2). As such, the trial court erred when it awarded attorney's fees *jointly and severally* against plaintiffs and plaintiffs' counsel.

*Cruz v. Benine, supra*, 984 P.2d at 1181 (emphasis added).

In acknowledging this implicit overruling, the *Elrick* division framed the holding of the *Cruz v. Benine* in terms of joint and several liability:

> Until recently, divisions of this court have held that where a trial court awards attorney fees against a party and the attorney *jointly and severally*, the attorney could not appeal the award unless the attorney was named on the notice of appeal or filed a separate notice of appeal. *See, e.g., Maul v. Shaw*, [*supra*]. Recently, the supreme court implicitly overruled *Maul v. Shaw, supra*, in *Cruz v. Benine*, [*supra*].

There, the supreme court held that where a trial court has awarded attorney fees against a party and his or her attorney *jointly and severally,* and an appellate court subsequently reverses the trial court's determination and concludes that a party's claim does not lack substantial justification, the attorney's appeal of the attorney fee award should not be dismissed merely because the attorney was not named in the notice of appeal as an appellant or did not file a separate notice of appeal.

*Elrick v. Merrill, supra,* 10 P.3d at 698–99 (emphasis added).

We note that neither the supreme court in *Cruz* nor the division in *Elrick* criticized any of the cases applying the general rule that an attorney must file a notice of appeal where fees were awarded against only the attorney, and thus that attorney is the sole real party in interest. Hence, in our view, *Cruz* and *Elrick* do not limit the *Adams* line of cases, but only carve out an exception where attorney fees liability is joint and several between a party and an attorney. Therefore, because this case does not involve a joint and several fees award, we conclude that it instead falls under the general rule that a notice of appeal must be filed by the attorney, as the real party in interest. *See Adams v. Neoplan U.S.A. Corp., supra,* 881 P.2d at 375.

In this regard, both *Cruz* and *Adams* recognize that to meet the standing requirement, an appeal must be prosecuted by the real party in interest. On the one hand, in joint and several attorney fees awards against attorney and client, the client is liable for the entire award and therefore is a real party in interest. On the other hand, in attorney fees awards against only the attorney, the client has no liability and thus is not the real party in interest.

This conclusion is consistent with the majority of federal circuits to have addressed this issue in appeals of attorney fees awards under Fed.R.Civ.P. 11. *See Walker v. District of Columbia,* 656 A.2d 722, 724 (D.C. 1995)("[A]t least seven circuits have held that

Rule 11 sanctions against an attorney may not be challenged on appeal unless the attorney is specifically identified as an appellant.")(collecting cases).

In sum, we cannot consider this appeal because plaintiffs are not the real party in interest. *See Manzi v. Montgomery Elevator Co.,* 865 P.2d 902, 904–05 (Colo.App.1993) ("[S]ince plaintiff's attorney has not filed a separate notice of appeal and plaintiff's notice did not name the attorney as an appellant, we are jurisdictionally barred from addressing this contention.").

The appeal is dismissed.

Judge TAUBMAN and Judge STERNBERG * concur.